[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
The issue presented by the plaintiff's Motion for Protective Order is whether the plaintiff has met the burden of showing good cause for the issuance of a protective order as required by Practice Book 221.
The plaintiff, Carrier Corporation, has moved for a protective order restricting counsel or agents for the defendants, primary and low-level excess insurers, from conducting ex parte interviews with any of the plaintiff's former employees concerning the lawsuit, an action brought by the plaintiff to determine rights and liabilities of parties under various comprehensive general liability insurance policies.
The plaintiff claims that certain former employees should be treated as parties under Rule 4.2 of the Connecticut Rules of CT Page 1662 Professional Conduct. The plaintiff also claims that Rules 4.2 and 4.3 are insufficient to govern ex parte interviews with former employees and that a protective order is necessary to govern those interviews. The defendants argue that Rule 4.2 does not apply to former employees and that the defendant has the right to conduct ex parte interviews with such employees without limitation or advance notice.
Rule 4.2 is substantially similar to Disciplinary Rule7-104 (A)(1) of the Code of Professional Responsibility. "The Rule clearly prohibits a lawyer from discussing a case with a party on the matter who is also represented by counsel, unless the lawyer has the permission of counsel or a court rule authorizing it." Dubois v. Gradco Systems, Inc.,136 F.R.D. 341, 343 (D.Conn. 1991). The purpose of the Rule is to preserve the integrity of the attorney client relationship by protecting the represented party from superior knowledge and kill of the opposing attorney. Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 236, 578 A.2d 1075 (1990). Additionally, the comment to Rule 4.2 suggests three groups of individuals with whom an attorney representing the opposing party is prohibited contact without prior approval:
 1. persons having managerial responsibility on behalf of the organization, or
 2. any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability; or
 3. (any other person) whose statement may constitute an admission on the part of the organization.
Contact with former employees is not prohibited. Case law supports this premise. "There is no ethical Rule barring ex parte communications with a former employee of an adverse corporate party." Dubois, supra at 344. See, Polycast Technology Corporation v. Uniroyal, Inc., 129 F.R.D. 621
(S.D.N.Y. 1990). The traditional view is that former employees are not encompassed within the term `party'. Id. Therefore, speaking with a former employer does not damage the policy underlying Rule 4.2. Id.
The conditions for granting a protective order are set forth in Conn. Prac. Bk. 221 as follows:
 Upon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, CT Page 1663 embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that discovery not be had; (2) that discovery may be had only on specified terms and conditions, including designation of time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of discovery limited to certain matters; (5) that discovery conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
The initial inquiry is whether the plaintiff has demonstrated good cause for the issuance of a protective order. Reese Builders Corp. v. Salzberg, 15 CLT 501 (1989). Whether or not "good cause" exists for entry of such an order must depend on the facts and circumstances of a particular case. Mompoint v. Lotus Development Corp., 110 F.R.D. 414, 417 (D.Mass. 1986). The extent of discovery and use of protective orders is clearly within the discretion of the trial judge. Hardisty v. Zoning Commission of the Town of Woodbury, 13 CLT 433 (1987).
The plaintiff's reason for seeking a protective order is premised solely on the possibility of prospective improper conduct. The plaintiff's concerns are based on the prior misrepresentations by non-party insurance companies in unrelated actions.
In view of the fact that the plaintiff's basis for a protective order is not past or current misconduct on the part of the defendants), and that Rule 4.2 is a sufficient guide to an attorney's conduct in conducting investigatory interviews, the court concludes that the plaintiff has failed to demonstrate the requisite good cause under 221.
Accordingly, the Motion for Protective Order is denied.
SCHALLER, J. CT Page 1664