[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Louis M. Winer appeals a decision of the defendant Statewide Grievance Committee (Committee) reprimanding the plaintiff in the matter of Grievance Complaint #90-0384, filed by Jan Van Eck. The Committee acted pursuant to Practice CT Page 10060 Book 27J and 27M and General Statutes 51-90g and 51-90h. The appeal is brought pursuant to Practice Book 27N. See also Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 232-34
(1990), holding that the trial court has authority to review a reprimand by virtue of its inherent supervisory authority over attorney conduct. Practice Book 27N was adopted subsequent to that decision. The court finds in favor of the defendant Committee.
On November 14, 1990, Jan Van Eck filed a complaint against the plaintiff with the Committee. In this "complaint", Mr. Van Eck stated that he became a client of the plaintiff in July 1986, when he consulted him about a possible civil rights action regarding the incarceration of his four year old son. He stated he paid the plaintiff a substantial retainer. Van Eck claimed that the plaintiff "waited until the very last day of the six-month statute-of-limitation expiring, literally until the hour of closing of the Town Hall, to go down and file the claim." He alleged he made "loans" on various occasions to Van Eck in amounts ranging from $300 to $3500. He claimed the plaintiff took little or no action on his case. He claimed the plaintiff "swindle[d]" Van Eck's parents out of substantial moneys, misrepresented himself, mismanaged his practice, and was evicted from his office for non-payment of rent.
The Committee referred the case to the Grievance Panel for the New Haven Judicial District for Geographical Areas 7 and 8 (Panel). The plaintiff filed a response dated December 14, 1990. Following consideration of the complaint, Bar counsel for the Panel notified Van Eck by letter dated January 18, 1991, that it determined "that no probable cause for your complaint was found to exist. . . ."
Following this determination, the Committee reviewed the file and reversed the Panel's decision, concluding that the record supported a finding of probable cause that the plaintiff had violated Rules 1.1, 1.3, 1.4, 1.5, 1.8(a), and 1.15 of the Rules of Professional Conduct.
Pursuant to Practice Book 27J, a reviewing committee of the full Committee held a hearing. The plaintiff appeared pro se, testified, and submitted numerous exhibits. Van Eck appeared, represented by counsel, testified, and also submitted exhibits. Following the hearing, both the plaintiff and Van Eck submitted "post-hearing submissions." CT Page 10061
On November 21, 1991, the Statewide Bar Counsel sent the plaintiff and Van Eck the reviewing committee's proposed decision, which provided for a reprimand of the plaintiff. In accordance with Practice Book 27J(g), the Bar Counsel advised the parties that "[i]n accordance with established procedures, you may, within fourteen (14) days of the date of this notice, submit to the Statewide Grievance Committee a statement in support of, or in opposition to, the proposed decision." Van Eck did file a statement concerning the proposed decision; the plaintiff did not.
By letter dated December 19, 1991, the Committee notified Van Eck and the plaintiff of its decision to adopt the proposed decision of the reviewing committee reprimanding the plaintiff. The decision contains findings of fact and the following conclusions of law:
 [t]here is clear and convincing evidence that the Respondent has engaged in misconduct. It is our conclusion that the Respondent has violated Rules 1.5 and 1.8 of the Rules of Professional Conduct. It is our opinion that the Respondent induced the Complainant to enter into an unreasonable fee agreement in which a significant retainer was required and was structured by the Respondent as a loan from the complainant. Pursuant to this agreement, the Respondent ultimately borrowed funds from the Complainant. We also conclude that the Respondent violated Rule 1.15 of the Rules of Professional Conduct by failing to provide an accounting to the Complainant of funds received and expended on his behalf.
The plaintiff duly filed an appeal of this decision in this court. There is no formal aggrievement requirement. Pinsky, supra, 233-234 and n. 4.
An appeal from a decision of the Committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Id., 234. Practice Book 27N(f) provides:
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions CT Page 10062 of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or (6) arbitrary or capricious or characterized by abuse of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, rescind the action of the statewide grievance committee or take such other actions as may be necessary. For purposes of further appeal, the action taken by the superior court hereunder is a final judgment.
Although an appeal of a decision of the Committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes 4-166 et seq.; Sobocinski v. Statewide Grievance Committee, 215 Conn. 517
(1990); the above practice book provisions are so similar to the provision of General Statutes 4-183 of the UAPA that many of the same principles of law apply to appeals of the Committee's decisions.
The plaintiff sets forth four bases of his appeal, summarized in his brief to this court as follows:
 First, because the Committee applied an interpretation of Rule 1.8 that is not consistent with the meaning and purposes of the Rule;
 Second, because the Committee applied an interpretation of Rule 1.15 that is not consistent with the meaning and purposes of the Rule;
 Third, because (the decision) is not clearly and convincingly supported by the evidence; and,
 Fourth, because the Appellant was not accorded a fair hearing consistent with the Due Process Clauses of the Constitutions of the State of Connecticut and the United States. CT Page 10063
The Committee's decision included findings of fact based on "clear and convincing evidence". These findings were that the plaintiff obtained payment of certain funds for the civil rights case involving Van Eck's son pursuant to a written fee agreement and that the plaintiff borrowed funds from Van Eck pursuant to that fee agreement. On the basis of these findings, the Committee concluded that the plaintiff violated Rules 1.5, 1.8, and 1.15 of the Rules of Professional Conduct. At the hearing, both the plaintiff and Van Eck testified concerning their financial transactions and both submitted documentary evidence for the Committee's consideration. In essence, the plaintiff asks the court to review the record and overrule the Committee's factual findings and conclusions of law.
The plaintiff's arguments in support of the first three bases of his appeal run counter to a basic principle of administrative law, which applies to appeals of the Committee's decisions such as this. This is that the scope of the court's review of the Committee's decision is very limited. Practice Book 27N(f) provides that "[t]he court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. CLP v. DPUC,219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580,601 (1991). "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51, 57-58 (1991). See, also, Pinsky, supra, 234-235.
The court has carefully reviewed the entire record in this case, including the transcript of the hearing before the reviewing committee and documents introduced in evidence at the hearing. The court has also studied the briefs submitted by the parties to the appeal and has considered their arguments advanced at the hearing on this appeal. On the basis of this review, the court concludes that there was sufficient and substantial evidence to support the Committee's findings and CT Page 10064 conclusions which the plaintiff attacks in the first, second and third grounds of the appeal, as set forth above. The court may not disturb those findings and conclusions, therefore, in accordance with the general principles of administrative law referred to above.
The fourth basis of the plaintiff's appeal is his contention that the Committee denied him a fair hearing in violation of his rights to due process under the federal and state constitutions. Specifically, he claims that the Committee wrongfully limited him in presenting his case directly and in cross-examining Van Eck. Secondly, the plaintiff claims that the members of the reviewing committee had prejudged the case against him and, as a result, never fairly considered the testimony and evidence he presented.
In support of his second due process claim, prejudgment by the reviewing committee, the plaintiff points to portions of the transcript of the hearing where a reviewing committee member, Attorney Dwyer, after admitting photocopies of checks evidencing payments by Van Eck to the plaintiff, seems to indicate that additional evidence is unnecessary because the committee member has already made up his mind on the subject. The colloquy is as follows:
 ATTORNEY DWYER: How many more of those do you have, Mr. Van Eck, because, I mean, it's clear what's going on here. How many more of these?
 THE WITNESS: If the committee's satisfied then that's fine with me. We can go on for some time but if the committee is satisfied (sic) with the —
 ATTORNEY DWYER: It's pretty clear that money was given to Mr. Winer and he can respond when it comes his time but there's also other issues here in terms of handling your son's case.
THE WITNESS: Yes, sir.
The court has carefully considered the incident set forth above, as well as other incidents cited by the plaintiff as examples of bias. Although these incidents appear somewhat suspect when viewed in isolation, the court has considered them in the context of the entire hearing and is satisfied that at CT Page 10065 the most they betray an occasional attitude of brusqueness and impatience on the part of the reviewing committee members. In the court's opinion that is not sufficient to cause a reversal of the Committee's decision. "It is presumed that members of administrative boards acting in an adjudicative capacity are unbiased." Jutkowitz v. Department of Health Services,220 Conn. 86, 100 (citations omitted). "The party who contends that an adjudicator is biased bears the burden of proving the disqualifying interest." Id. (citations omitted). In this case, the plaintiff has not met that burden of proof.
The plaintiff's most serious contention is that the Committee unfairly limited him in presenting his case and in cross-examining the complainant Van Eck. In support of this contention, the plaintiff points to the statement by reviewing committee member Dwyer, at the opening of the hearing, that "we've got approximately an hour to do this." He claims that this attitude characterized the whole conduct of the hearing; that the reviewing committee rushed through the testimony, sometimes questioning Van Eck and the plaintiff almost simultaneously, making meaningful cross-examination impossible.
The plaintiff further claims that the Committee's limitation on his cross-examination of Van Eck prevented him from effectively defending against the accusation of charging excessive fees. During his cross-examination, the plaintiff attempted to establish that he performed a considerable amount of legal work for Van Eck, in addition to the civil rights case, as justification for the fees he charged. At two points during the cross-examination on this subject, the reviewing committee member Attorney Dwyer cut him off, once by sustaining an objection interposed by Van Eck's attorney and once by interrupting on his own initiative. The stated basis of Attorney Dwyer's ruling was that the plaintiff's questions were not relevant to the subject of the inquiry, which Attorney Dwyer framed as being the fees charged for the civil rights case. Although he curtailed the cross-examination of Van Eck by the plaintiff on the subject of additional legal work, Attorney Dwyer did permit the plaintiff to testify himself that he performed such work and also to introduce numerous exhibits to substantiate that he performed such work. Nevertheless, the plaintiff argues that the most effective and persuasive manner in which to present his evidence would have been through cross-examination of the complainant. He contends that it was a denial of his due process rights to prevent this. CT Page 10066
The defendant Committee responds to the plaintiff's due process arguments by contending that the plaintiff effectively waived his right to object to the conduct of the hearing and, in particular, waived his right to object to the curtailment of his cross-examination of Van Eck. After carefully reviewing the record, including the hearing transcript, the court agrees with the defendant Committee.
The transcript of the hearing shows that the plaintiff never took exception to any ruling by Attorney Dwyer or any other member of the reviewing committee. Specifically, he did not object or otherwise comment on Attorney Dwyer's statement in the beginning that the hearing should be limited to one hour. He did not note any exception to Attorney Dwyer's ruling that certain questions he asked Van Eck on cross-examination were prohibited because irrelevant. Indeed, when asked by Attorney Dwyer whether he wished further cross-examination of Van Eck, he replied, "No."
Following the hearing, the plaintiff submitted a memorandum combining assertions of fact and argument. To this were attached numerous exhibits. These materials all related to the substance of his defense to the charges against him. The plaintiff did not, however, assert any objections to the conduct of the hearing. Finally, as indicated above, the plaintiff did not respond to the reviewing committee's proposed decision, although he was specifically invited to do so. This would have been another opportunity to object to the conduct of the hearing.
In Dragan v. Connecticut Medical Examining Board,233 Conn. at 632, our supreme court held as follows:
 Because the plaintiff never asserted during the course of the license revocation proceeding that his right to cross-examine (the complainant) had been violated and because he failed to utilize available administrative remedies to cure any alleged defect, we conclude that the plaintiff waived his right to cross-examine (the complainant).
With respect to other alleged errors in conducting the administrative proceeding, the court further held as follows:
CT Page 10067 "We have held that the failure to raise a procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect."
Id., 633, citing Jutkowitz v. Department of Health Services, 220 Conn. 86, 95 (1991).
In the present case, the plaintiff consistently failed to object during the hearing to any procedural defects, including any denial of his right to cross-examine the complainant. Furthermore, the plaintiff failed to utilize other available remedies, including the opportunity to raise objections in his "post-hearing submission" and the opportunity to do so in a response to the proposed decision. The latter opportunity is specifically provided by Practice Book 27J(g). As a follow-up, section 27M provides that one of the permissible actions that the Committee can take after receiving responses from the parties to a proposed decision is to refer "the complaint to the same or a different reviewing committee for further investigation and a proposed decision." The point is that the Committee could have addressed this issue directly and taken appropriate action if the plaintiff had raised it in a timely manner.
Based on the foregoing considerations, the court concludes that the plaintiff effectively waived his right to object to any procedural defects, including denial of due process rights, arising in the course of the hearing before the reviewing committee. In accordance with the rule of the Dragan, supra, and Jutkowitz, supra, cases, the plaintiff may not now raise such objections in his appeal to the court. The appeal is dismissed.
Maloney, J.