[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10457
The plaintiff, Attorney Tobias Weiss, appeals from a reprimand issued by the Statewide Grievance Committee, as authorized by Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 232, 578 A.2d 1075 (1990) ("We agree that there is no statutory right of appeal from a reprimand, but conclude nevertheless that the trial court has authority to review such an order by virtue of its inherent authority over attorney conduct"). A portion of the factual background in this matter was set forth in an earlier decision of this court remanding the case to the defendant Statewide Grievance Committee (Grievance Committee) "for a further report indicating whether its factual findings and conclusion that the plaintiff Weiss was guilty of attorney misconduct were based on clear and convincing proof"[1] See Statewide Grievance Committee v. Presnick, 215 Conn. 162, 171-72, 575 A.2d 210 (1990).
The Grievance Committee reconvened and reported that it had reconsidered its decision in the light of the clear and convincing standard of proof mandated by Presnick. Although conceding that its original determination had been based on a "preponderance of evidence" standard, the defendant issued a final decision affirming its reprimand. "The Committee did reconsider the case on December 21, 1991 and issued a final decision to stand on its Reprimand. The Committee used me clear and convincing standard of proof in its review of me matter at its December 21, 1989 meeting."
As indicated in this court's earlier memorandum, the reprimand arose after clients of Attorney Weiss, unable to pay for legal services rendered, and at the suggestion of the plaintiff, granted him in 1981 an 18% interest in a motel that was planned in Stamford. According to the plaintiff, the clients, one Raymond Zebroski, and his two brothers, later excluded him from me project and entered into a joint venture with another group to develop the motel. In 1985 the plaintiff initiated a civil suit in this court against Zebroski and his brothers to obtain payment for legal services, and also to recover approximately $7,000 the plaintiff expended in connection with the motel project. In this suit Attorney Weiss sought a fee of $350,000 for having obtained approval for the issuance of state industrial revenue bonds, and an additional $150,000 for legal services rendered, a total of $500,000. In 1987, the defendants sought to remove a lis pendens placed on their property, and Judge Fuller, in granting the motion, wrote: "This is a classic case showing lack of communication between attorney and client and the disaster which can arise when an attorney gets CT Page 10458 involved in business dealings of his client without a clearly defined written agreement between them."[2]
Raymond Zebroski filed a grievance against Attorney Weiss in 1988, which ultimately led to the issuance of a reprimand by the defendant in 1989 for professional misconduct on the part of the plaintiff. Also in 1988, the law suit by plaintiff was settled for $18,000 and judgment entered in favor of Attorney Weiss on a counterclaim filed by the Zebroskis which alleged a violation of General Statutes 42-110a through 42-110g inclusive, the Connecticut Unfair Trade Practices Act(CUTPA), negligence, intentional interference with contract, breach of fiduciary duty, abuse of process and fraud.
The reprimand was based on an alleged violation by Attorney Weiss of Disciplinary Rule 5-104(A) of the Code of Professional Responsibility. The conduct in question occurred in 1981, prior to the adoption of the Rules of Professional Conduct effective October 1, 1986. DR 5-104A provided that: "A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure." This rule was described in Statewide Grievance Committee v. Rozbicki,219 Conn. 473, 486, 595 A.2d 819 (1991), as encompassing "a transaction in which the (attorney) overreached his client to pursue his own self-interest."
The local grievance panel found probable cause in this case, and determined that the plaintiff had entered into a "business transaction with his client knowing that they had differing interests therein, to wit, the client (Zebroski) sought to have the project developed and the attorney (Weiss) sought to have his fees paid." The defendant's reviewing subcommittee, Practice Book 27J, recommended that a reprimand be issued to the plaintiff because: "[w]e are of the opinion that the Respondent (Weiss) engaged in a business transaction with his client without taking adequate steps to provide the Complainant (Zebroski) with a full disclosure of the effect of (Weiss') interest on the attorney-client relationship. (Weiss) did not advise (Zebroski) to seek other counsel." The Grievance Committee in May of 1989 adopted the reviewing subcommittee's recommendation and issued a reprimand to Attorney Weiss. Later in 1989 the plaintiff asked the defendant to reconsider its reprimand on the basis of "newly discovered evidence" which consisted of first, the settlement of his civil action seeking legal fees, and second, the alleged discovery that the Zebroskis had consulted with their cousin, an Attorney Farrell of Norwalk, in 1981, before granting the plaintiff an 18% interest in the motel. The defendant declined to alter its original decision. CT Page 10459
The plaintiff appeals to this court claiming that the reprimand should be rescinded because: (i) the counterclaim filed by the Zebroskis in the law suit brought by plaintiff for legal fees (CV 85-0076255) repeated the essentials of the grievance filed by Zebroski with the defendant, and since judgment entered in favor of the plaintiff on that counterclaim when the suit was ultimately settled, the defendant is barred and precluded by the doctrine of res judicata or collateral estoppel from subsequently issuing a reprimand: (ii) the plaintiff later learned that the Zebroskis did have another lawyer with whom they were consulting during 1981 when plaintiff received an 18% interest in the motel project; and (in) the Zebroskis were sophisticated and experienced businessmen who neither were influenced by, nor relied upon Attorney Weiss' advice.
The standard of review for this court in connection with appeals of alleged attorney misconduct was set forth in Pinsky, supra, 234. "Appeals to the court . . . are limited to a review of the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically sound." The Grievance Committee found that Zebroski had not been apprised by Attorney Weiss of their differing interests in the motel project and had not been advised to seek other counsel. The first issue is whether there is support in the record for this finding. Since the defendant concluded that the plaintiff had violated DR 5-104A of the Code of Professional Responsibility, the second issue is whether that conclusion is "legally and logically sound." Pinsky, Id.
The record returned by the Grievance Committee discloses that there was in fact testimony that the plaintiff and the Zebroskis did have, in the words of DR 5-104A, "differing interests" in the business transaction in which they had entered. Raymond Zebroski, the complainant to the Grievance Committee, testified that he and his brothers concluded that the project was costing them a lot of money, and a good deal more was needed. They decided to sell a portion of their interests in order to raise capital. Attorney Weiss, on the other hand, according to testimony elicited before the defendant, counseled against such a sale, urged the Zebroskis to continue their efforts to develop the project alone, persuaded them to purchase adjacent properties, and suggested that Raymond Zebroski sell his own home, possibly motivated by his desire to protect his legal fees. The complainant Zebroski testified that he was not sure in what capacity the plaintiff was acting when he gave the complainant this advice — as his lawyer, as his partner, or as a money broker. Thus there was evidence before the Grievance Committee to justify its finding that the attorney failed to take adequate steps to explain to the clients their "differing interests. " CT Page 10460
In terms of the other element of this rule, "consent after full disclosure," the evidence before the defendant indicated that Attorney Weiss did not advise the Zebroskis of the possibility or desirability of consulting other counsel with regard to his ownership interest in the project.[3]
Thus there is support in the record for the defendant's finding that the plaintiff had not apprised the Zebroskis of their "differing interests" in the motel project and that he had not advised them of the feasibility of first obtaining other counsel to review the plaintiff's suggestion that he receive an interest in the motel/hotel.
The record is clear that the plaintiff was not reprimanded merely for having entered into a business transaction with his clients in order to protect his fees, nor for having failed to have a written agreement with the clients detailing their relationship. The reprimand was based on findings of "differing interests," a failure to exercise professional judgment to protect the client, the lack of other counsel, and the absence of "full disclosure." DR 5-104A.
The next issue is whether these findings "legally and logically" support the defendant's conclusion that Attorney Weiss violated DR 5-104A, which prohibits a lawyer from entering into a business transaction with his client if they have "differing interests" and the clients expect the lawyer to "exercise his professional judgment for the protection of the client." Pinsky, supra, 234. The record, I believe, supports the conclusion that the plaintiff and the Zebroskis did have differing interests and that the Zebroskis expected the plaintiff as their attorney to protect their interests, and not to pursue his own interest in safeguarding his legal fees by urging that the project continue as originally planned after the clients had concluded that a joint venture was in their own best interests. Nothing in the record invokes the exception to the rule relating to consent "after full disclosure." It follows that there was sufficient evidence in the record to justify both the defendant's findings and its conclusion that the plaintiff had violated DR 5-104A.
Plaintiff contends that his settlement of the civil case with the Zebroskis in 1988, which included judgment in his favor on the clients' counterclaim encompassing the same allegations presented to the Grievance Committee, bars the defendant from finding attorney misconduct. I agree with the defendant that this settlement did not foreclose a finding of misconduct by the Grievance Committee by virtue of res judicata or collateral estoppel. Pinsky, supra, 233, described disciplinary proceedings as being "taken primarily for the purpose of preserving the courts of CT Page 10461 justice from the official ministration of persons unfit to practice in them . . ." Thus they are unique proceedings aimed at discerning whether attorney misconduct has occurred, and are completely dissimilar to the civil action brought by Attorney Weiss, and in which the defendants counterclaimed alleging violation of CUTPA, negligence, breach of contract and related matters.
Res judicata or claim preclusion, and collateral estoppel, issue preclusion, were discussed in detail in Carnese v. Middletown,27 Conn. App. 530, 534, 608 A.2d 700 (1992), as follows: "[i]ssue preclusion or collateral estoppel can be distinguished from claim preclusion or res judicata. Issue preclusion is the doctrine that bars the relitigation of an issue of ultimate fact by the same parties upon a different cause of action. By contrast, under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim."[4] The parties to this present grievance proceedings are not the same as or in privy with those in the civil action, nor is there any fiduciary relationship between this defendant and the counterclaiming defendants, the Zebroskis, in the prior civil action. It seems to me, therefore, that Attorney Weiss cannot invoke.
With respect to the argument that the Zebroskis were consulting with their cousin, Attorney Farrell, there was evidence in the record that, although Farrell did a good deal of legal work for the complainant, only Attorney Weiss was specifically involved in the motel project.[5] The plaintiff's final argument that the reprimand should be vacated because his clients were experienced business men, does not appear relevant, because the plaintiff is accused not of cheating his clients, but rather of entering into a business transaction with them without complying with the disciplinary rule in issue. The level of sophistication of the client is not an element of this rule.
A review of the record thus reveals that there was sufficient evidence before the defendant to justify its factual findings, and that its conclusion of a violation of DR 5-104A is legally and logically sound. The defendant also reported that in reviewing its earlier decision that a reprimand be issued, it subsequently employed the proper standard of proof, clear and convincing evidence.
Thus plaintiff's appeal is denied and the reprimand may stand as issued by the defendant.
So Ordered.
CT Page 10462 Dated at Stamford, Connecticut, this 20th day of November, 1992.
William B. Lewis, Judge