[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
The plaintiff, William Laviano, appeals from the decision of the defendant, Statewide Grievance Committee, to reprimand him on April 19, 1990. This case was remanded to the defendant Grievance Committee by this court on January 22, 1993 for a report as to whether or not a clear and convincing standard was used by the Committee and what facts were specifically found on which the Committee's conclusions were based. This second part of the remand was occasioned by the fact that the decision of the Statewide Grievance Committee simply recounted testimony of both sides of the controversy, and did not indicate which version was accepted, in spite of the fact that most of the significant issues were very much in controversy. The only part of the decision that can be considered an actual "finding" is the ultimate paragraph of the decision: "The Committee concluded that the respondent failed to act with reasonable diligence and promptness in representing the complainants. It CT Page 6525-W is the opinion of this . . . committee that because of the probability of the reoccurrence of the underlying conflict and the possibility of the complainant's daughter sustaining further damages, time was of the essence."
The factual background of this matter is as follows. The plaintiff, Attorney William M. Laviano, was retained on March 15, 1989, at which time he accepted a retainer of $1,500 to represent the five year old daughter of complainant, Michelle Heede.
Apparently, in March of 1989, either Mrs. Heede or a babysitter would pick up the five year old child at her school. If the person picking up a child at that school was not on time the children were collected and left with a teacher's aide in an area near a teacher's rest room, but some distance away from the student rest rooms. Since a sole faculty representative was in charge of the entire group of students, it appears that the children were not allowed to leave the group to go to the bathroom while awaiting pickup. Twice during the month of March, Mrs. Heede's daughter "soiled her underwear" and both the CT Page 6525-X daughter and the complainant were upset by this. A disagreement developed between Mrs. Heede and the school principal on March 13, 1989, and, after a brief telephone call with plaintiff, Attorney Laviano, on March 14, 1989, Mrs. Heede and Attorney Laviano met on the following day, March 15th.
At that meeting, depending on whose version is accepted, either Attorney Laviano indicated that a suit in Federal court for an injunction and a claim for violation of the youngster's civil rights was appropriate and that suit would be filed within two weeks, or Attorney Laviano indicated that there were many options available and research needed to be done, but an injunction was certainly a possibility.
The plaintiff's billing records (R6) indicate that an hour and one-half was billed to the Heede file on March 15, .5 hours on March 17th, 1.5 hours on March 18th (a Saturday), .3 hours on March 19th (a Sunday) and no further time was billed until a telephone conversation with complainant on March 30th and another telephone conversation with complainant on April 18th. On April 19th, five weeks after her appointment with CT Page 6525-Y Attorney Laviano, Mrs. Heede discharged Attorney Laviano. Attorney Laviano indicated that he would bill the file and return whatever was left of the retainer after paying the bill services rendered to date. On May 8, 1989, Mrs. Heede, together with her husband, filed a grievance complaint against the plaintiff.
Both plaintiff and complainant agreed that on March 15, 1989, Attorney Laviano advised the complainant to cancel the pending appointment for the following Monday with the Superintendent of Schools which she had previously made. This was done by complainant. Both plaintiff and complainant also agreed that, in their April 18, 1989 telephone call, Attorney Laviano mentioned that he had an appointment with the Superintendent of Schools on another matter in the near future, and suggested that the Heede matter could be discussed at that time as well.
Subsequent to the complainant's discharge of Attorney Laviano, she contacted another attorney who advised her to speak to the Superintendent of Schools, and as a result of that CT Page 6525-Z conference between the complainant and the Superintendent of Schools, the matter was resolved.
During the period from March 15, 1989 until the matter was resolved the complainant took pains to insure that the child was picked up on time, either by herself or by a babysitter, so that the issue of bathroom permission simply did not again arise. There was never an issue about bathroom access during the regular school day.
Attorney Laviano responded to the grievance complaint with a number of responses, ultimately refunding $810 (plus interest) of the $1,500 retainer, billing $690 for 4.6 hours of work at $150 per hour. At a later point in the proceeding, Attorney Laviano indicated that he would reduce that bill by another hour since his ad in The Yellow Pages promised a free initial hour of consultation. The record is silent as to whether this additional refund was ever made. The refund was made by check dated June 28, 1989. The local grievance panel, by its letter of August 7, 1989, found probable cause for two ethical violations, a violation of Rule 1.3 (Diligence) and a violation CT Page 6525-AA of Rule 3.1 (Meritorious Claims and Contentions).
At the hearing before the Reviewing Committee of the Statewide Grievance Committee, the plaintiff represented himself and the complainant appeared without counsel. It is apparent from a review of the transcript of those proceedings that both sides were vigorously at issue about many significant points. Indeed, the proposed decision clearly indicates as much as it details first one side's position and then the other, without any finding as to what the Reviewing Committee found to have actually occurred. It is partially for this reason that the court remanded the matter to the defendant, Statewide Grievance Committee. The defendant's report to court after remand, filed on March 16, 1993, indicates that:
 "the court wished clarification on factual findings and on the standard of proof.
 "On February 18, 1993, the Statewide Grievance Committee, at its monthly meeting, considered the court's directive and now makes the following report. CT Page 6525-BB
 "The Committee notes that the final decision in this matter was issued on April 19th, 1990. The court, in its remand, requested a report from the Committee that would indicate what facts were specifically found on which the Committee's conclusions were based. In light of the changes in membership on the Committee, as well as the passage of time, the Committee concluded that it would stand on the findings as recited in the proposed decision."
The report continues to explain to the court's satisfaction that a clear and convincing standard of proof was used by the Statewide Grievance Committee and its Reviewing Committee. See Statewide Grievance Committee v. Presnick, 215 Conn. 162,171-172 (1990).
An appeal from a decision of the Committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990). Although enacted after the hearing in CT Page 6525-CC this case, Practice Book 27N(f) provides:
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, rescind the action of the statewide grievance committee or take such other actions as may be necessary. For purposes of further appeal, the action taken by the superior court hereunder CT Page 6525-DD is a final judgment.
Although an appeal of a decision of the Committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes 4-166 et seq.; Sobocinsky v. Statewide Grievance Committee, 215 Conn. 517,525-26 (1990); the above practice book provisions are so similar to the provisions of General Statutes 4-183 of the UAPA that many of the same principles of law apply to appeals of the Committee's decisions.
The scope of the court's review of the Committee's decision is very limited. Practice Book 27N(f) provides that "[t]he court shall not substitute its judgment for that of the . . . committee as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. CLP V. DPUC, 219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . CT Page 6525-EE ., the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). In particular, "a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness. . . ." Id. 593. "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." CLP v. DPUC, 219 Conn. 51, 57-58 (1991).
It is clear from a review of the transcript of the hearing in this case that the complainant was concerned with what she described as Attorney Laviano's "misrepresenting" her, that is not representing her properly. Her initial grievance complaint (dated May 8, 1989) also makes clear that there was concern on the complainant's part about the disposition of her $1,500 retainer.
The Grievance Committee's reprimand is based on its adoption of the proposed decision which does not in any way find fault with Attorney Laviano on account of a violation of Rule CT Page 6525-FF 3.1 (Meritorious Claims and Contentions), although the local panel found probable cause for a violation of this rule, presumably because that panel thought plaintiff was "making a federal case" out of a relatively minor matter (pun regretted, but not unintentional). The issue of the appropriateness of the plaintiff's action in focusing on litigation without exploring other options might well be resolved in favor of sustaining the reprimand, if, and only if, (1) the plaintiff had actually done this, and (2) the reprimand was based on a rule other than Rule 1.3.
The reprimand was issued for a violation of Rule 1.3 which provides "a lawyer shall act with reasonable diligence and promptness in representing a client." There are two factual scenarios which could justify a reprimand (or indeed a finding of any violation at all of Rule 1.3):
First, the Reviewing Committee could have found that there was an express agreement between Attorney Laviano and his client that a federal court suit for an injunction would be filed within two weeks. Absent such a finding of fact (or indeed any CT Page 6525-GG findings of fact), the court is unwilling to treat this case like a land use appeal where the administrative agency has merely failed to articulate its findings, in which case the court can search the record to determine whether the agency decision is based on substantial evidence. Feinson v. Conservation Commission, 180 Conn. 421 (1980). Here it appears that the Grievance Committee has abdicated its role as fact finder. Findings of facts are necessary because this court, on appeal, must be able to determine whether the Committee's conclusions "reasonably and logically follow from such facts." City of New Haven v. Freedom of Information Commission,205 Conn. 767, 774 (1988).
The second theory on which a "time of the essence" justification for a violation of Rule 1.3 is the statement in the Reviewing Committee's proposed decision that "because of the probability of the reoccurrence of the underlying conflict and the possibility of the complainant's daughter sustaining further damages, time was of the essence." Given the undisputed testimony from everyone that arrangements had been made to pick the child up promptly when school was dismissed, there was no CT Page 6525-HH possibility of a reoccurrence of this issue, unless the arrangements which had been made to pick the child up failed. That apparently never happened. At no time did anyone make a claim that the child was not permitted to go to the bathroom during the school day. The case involved the treatment of the child during that period of time subsequent to school being dismissed and prior to the child being picked up and thus, there is no basis on which the court can conclude that the Committee could reasonably have found on clear and convincing evidence that the respondent failed to act with reasonable diligence and promptness in representing his client.
This is not to suggest that there is nothing to criticize in plaintiff's conduct in this case. A refund of the portion of the retainer conceded by the plaintiff to be due was not made until more than two months after his discharge. Particularly with the "twenty-twenty hindsight" of knowledge of the ultimate disposition of the issue in this case, contact by counsel with the Superintendent of Schools or his counsel some time in the first few days of representation would certainly have not been inappropriate. Nonetheless, the reprimand is not based on legal CT Page 6525-II advice that might have been not as correct as one would wish, nor is it based on fee issues. The reprimand is based on Rule 1.3 and absent a finding as to a specific agreement by an experienced attorney to file a suit in U.S. District Court for an injunction within two weeks, the court must find that the Statewide Grievance Committee acted in abuse of its discretion in reprimanding the plaintiff for a violation of Rule 1.3.
In view of the disposition of this case as set forth above, it is unnecessary to consider the plaintiff's claims that Rule 1.3 is unconstitutionally vague as applied; that the Grievance Committee violated the plaintiff's due process rights; that the Grievance Committee violated the plaintiff's First Amendment Rights; and that the Grievance Committee lacked subject matter jurisdiction (this last claim, although usually appropriate dealt with first, has been deemed abandoned by failure of counsel to do more than raise, without authority, the claim in his brief that the State of Connecticut Statewide Grievance Committee has no jurisdiction over a Connecticut attorney's representation of a client preparatory to bringing a Federal District Court lawsuit in the State of Connecticut). CT Page 6525-JJ
For the foregoing reasons, the appeal of the plaintiff is sustained and the case is remanded to the Statewide Grievance Committee with directions to rescind the reprimand.
Koletsky, J.