[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A. Burden of Proof
The court may disqualify an attorney if the attorney has violated the Rules of Professional Conduct. Rivera v. Chicago Pneumatic Tool Company, 4 Conn. L. Rptr. 394, 395 (August 5, 1991, Teller, J.). "The party moving for disqualification bears the burden of proving facts which indicate that disqualification is necessary. Tagliaferi v. Barry, 2 Conn. L. Rptr. 634
([October 22,] 1990, Jones, J.); Evans v. Artek Systems Corp.,715 F.2d 788, 792 (2nd Cir. 1983)." Id.
B. Parties' Arguments
In its memorandum of law, the defendant Waterbury Hospital argues that on October 15, 1993, Attorney Donald McGill telephoned Karen Ruzkowsky without seeking permission from the defendant's attorney. Rutkowsky, in her affidavit, avers that Attorney McGill did not identify himself until the middle of the CT Page 9898 conversation. She states also that he did not tell her that the case was nearing trial or that Waterbury Hospital was represented by counsel. Rutkowsky asserts further that she would not have answered Attorney McGill's questions had he given her this information. The defendant claims that Rutkowsky has first hand knowledge of the incident, and therefore is in a position to make an admission on behalf of the defendant which would subject the defendant to civil liability.
The plaintiff, in her memorandum, contends that Rutkowsky is not a party as described in Rule 4.2. The plaintiff claims that Rutkowsky does not have first hand knowledge of the disappearance of the baby's body and that she was not involved in the disappearance of the baby's body. Therefore, the plaintiff claims that Rutkowsky is merely a witness. Furthermore, Attorney Donald McGill filed an affidavit in which he states that he identified himself as the plaintiff's counsel at the beginning of the telephone conversation with Rutkowsky.
C. Legal Analysis
1. Whether the plaintiff's attorney violated Rule 4.2
"In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless lawyer has the consent of the other lawyer or is authorized by law to do so." Rules of professional Conduct 4.2. The purpose of Rule 4.2 "is to preserve the integrity of the lawyer-client relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer. The rule is designed to prevent situations in which a represented party may be taken advantage of by opposing counsel." Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 236, 578 A.2d 1075
(1990).
Rule 4.2 does not specify which employees have "party status" within an organization. See Dubois v. Gradco Systems, Inc., 136 F.R.D. 341, 343 (D. Conn. 1991).[1] However, the comments to the Rule provide, "[i]n the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of CT Page 9899 civil or criminal liability or whose statement may constitute an admission on the part of the organization." Comments to rule 4.2, and see Carrier Corp. v. Home Insurance Co.,6 Conn. L. Rptr. 3, 4, (February 11, 1992, Schaller, J.); Dubois v. Gradco Systems, Inc., supra, 343.
Rule 4.2 is similar to Disciplinary Rule 17-104(A)(1) of the Code of Professional Responsibility.[2] Carrier Corp. v. Home insurance Co., supra. 4. "If the . . . employees . . . could commit the corporation because of their authority as . . . employees or for some other reasons the law cloaks them with authority, then they, as the alter egos of the corporation, are parties for the purposes of DR 7-104(A)(1)." ABA informal opinion 1410 (February 14, 1976).
2. Whether the plaintiff's attorney violated rule 4.3
Although the defendant has not satisfied its burden under Rule 4.2, an attorney must still comply with Rule 4.3 when contacting non-party employees and former employees of an organization, which is a party to an action. See Dubois v. Gradco Systems, Inc., supra, 347.
"In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested, when the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's rule in the matter. The lawyer shall make reasonable efforts to correct the misunderstanding." Rules of Professional Conduct 4.3
The plaintiff presents evidence that Attorney McGill properly identified himself. In contrast, the defendant presents evidence that Attorney McGill did not properly identify himself. If in fact Attorney McGill notified Rutkowsky that he represented the plaintiff and that he was not disinterested, then Rule 4.3 was not violated.
The movant has not met her burden of proof of showing that Attorney Mcgill should be disqualified from prosecuting this case. Therefore, plaintiff's motion to disqualify should be denied.
SYLVESTER, J. CT Page 9900