[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert J. Recio, an attorney, appeals a decision of the defendant statewide grievance committee reprimanding the plaintiff, based on a complaint filed by Edward McCarley. The committee acted pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g and51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v. Statewide Grievance Committee,216 Conn. 228 (1990).
The court notified the parties that it would hear oral argument on the appeal on April 26, 1996 at 2:30 P.M. at the courthouse at 95 Washington street, Hartford. Counsel for the defendant committee appeared at that time and place, but the plaintiff did not appear. Counsel for the committee thereupon waived oral argument and the court took the case on the record and briefs without oral argument.
In Pinsky v. Statewide Grievance Committee, supra, the Supreme Court held that, although there was no statutory right to appeal a reprimand issued by the statewide grievance committee, "the trial court has authority to review such an order by virtue of its inherent supervisory authority over attorney conduct." Id. 232. Subsequent to the Pinsky decision, the judges of the Superior Court amended the Practice Book by adopting Section 27N, effective October 1, 1991. That section formally establishes a right of appeal of an order of reprimand. Subsection (a) provides, in relevant part, as follows:
 A respondent may appeal to the superior court a decision by the statewide grievance committee reprimanding the respondent. The appeal shall be filed with the clerk of the superior CT Page 3717 court for the judicial district of Hartford-New Britain at Hartford within thirty days from the issuance . . . of the decision . . . .
This provision has the effect of limiting the authority of the court to hearing and deciding only those appeals that are filed in conformity with the rule.
The court's review of the record and file in this case shows that the committee's decision was issued on September 22, 1995. The plaintiff filed his appeal with the clerk of the court on November 2, 1995, more than thirty days after the issuance of the decision. Accordingly, this court has no authority to hear and decide the appeal.
The appeal is dismissed.
MALONEY, J.