[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 9, 1997
Plaintiff David M. Somers, an attorney, appeals a decision of CT Page 3702 the defendant statewide grievance committee reprimanding the plaintiff, based on a complaint filed by Kimberly Barrett. The committee acted pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g and 51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v.Statewide Grievance Committee, 216 Conn. 228 (1990). The court finds the issues in favor of the defendant committee.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. In February 1994, the plaintiff commenced a civil action against TCE Corporation and MT Assembly Corporation to collect sums he alleged were due him under promissory notes and leases issued by the corporations. Subsequently, the plaintiff added Kimberly Barrett, an employee of the corporations, as an individual defendant on the theory that she was personally liable on the leases. In May 1994, the plaintiff commenced a second civil action seeking to replevy the leased property.
In June 1994, without telling Barrett, the plaintiff went to the West Hartford police department and made a complaint that Barrett and the corporations had committed a larceny by converting property that belonged to him that is, the leased property. He also provided the police documents concerning the leases and loans. The police officer contact was Detective Kinahan.
During June 1994, Detective Kinahan reviewed the plaintiff's documents and interviewed Barrett. On or about July 1, 1994, Kinahan informed the plaintiff that the West Hartford police would not pursue the criminal complaint on the advice of Assistant State's Attorney Mark Brodsky. The basis of that decision, Kinahan told the plaintiff, was that the prosecutor and the police viewed the complaint as essentially civil in nature and not criminal. Kinahan told the plaintiff that he could take the matter to the Economic Crimes Unit in the office of the chief state's attorney if he wished to press it further.
In July 1994, the plaintiff did take his complaint alleging larceny to the Economic Crimes Unit, also furnishing that agency with documents to support his claims.
Also during July 1994, Barrett filed a complaint with the defendant grievance committee alleging that the plaintiff violated Rule 3.4(g) of the Rules of Professional Conduct. CT Page 3703 Rule 3.4(g) provides as follows:
 A lawyer shall not: . . . (g) Present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.
In September 1994, the plaintiff and Barrett entered into a stipulation concerning the plaintiff's application for a prejudgment remedy in the civil actions. The stipulation prohibited Barrett from concealing or disposing of the property that was the subject of the civil actions. The plaintiff reported this development to the chief state's attorney's office, which was still investigating the plaintiff's criminal accusations at that time.
In November 1994, the chief state's attorney's office informed the plaintiff that it did not intend to prosecute Barrett because there was no evidence that Barrett had attempted to sell or conceal the leased property, acts that are essential elements of the crime of conversion of leased property under General Statutes § 53a-119 (13).
Meanwhile, the defendant committee was processing Barrett's complaint. On June 8, 1995, after a determination of reasonable cause, a reviewing subcommittee of the committee conducted a hearing on Barrett's complaint. At the hearing, the plaintiff, Detective Kinahan and Barrett testified, and the subcommittee accepted other evidence.
In addition to the undisputed facts summarized above, the subcommittee heard testimony from Kinahan that the plaintiff told him that the plaintiff would not pursue the criminal complaint against Barrett if the civil actions were resolved favorably to him. The plaintiff testified that he filed the criminal charges in the belief that Barrett had committed larceny. He also testified that he would not withdraw the civil actions regardless of the outcome of the criminal complaint. Barrett testified that she was intimidated by the criminal complaint. There was evidence that the plaintiff had filed a criminal complaint against another individual whom he was also suing and had dropped that charge when the person paid him in the civil action.
Following the hearing, the subcommittee issued a proposed decision finding that the plaintiff violated Rule 3.4(g). The defendant committee thereafter adopted the proposed decision as CT Page 3704 the final decision, making a minor change of no significance here, and reprimanded the plaintiff. It is that decision which is the subject of this appeal.
The committee necessarily interpreted Rule 3.4(g) to apply to the situation where a lawyer is acting for himself on personal business, as opposed to representing a client. In its decision, the committee discusses the evidence summarized above and sets forth its reasoning for inferring that the plaintiff did not have a good faith belief that Barrett had committed a crime and that he had no other reason for making the criminal complaint than to secure an advantage in the civil actions against her. The committee stated that its factual findings, including its inferences, were based on clear and convincing evidence.
The plaintiff advances essentially two arguments in support of his appeal: (1) that Rule 3.4(g) does not apply to an attorney acting only as a private citizen and not as a lawyer for a client and (2) that the evidence does not support the committee's finding that the plaintiff filed the criminal complaint "solely" for the purpose of advancing his interests in the civil actions, within the meaning of the Rule.
The plaintiff's argument concerning the reach and scope of Rule 3.4(g) may not be sustained. "It is firmly established that misconduct of an attorney, whether it be in the practice of the profession or in matters dehors the practice of law, justifies discipline, including exclusion from the bar." StatewideGrievance Committee v. Presnick, 18 Conn. App. 316, 324 (1989), cited by the defendant committee. Although one could conjure up situations where this rule might be overbroad, this is not such a case. Here, the attorney, though acting on purely personal business, was doing so on terrain where he was professionally at home. Indeed, his own testimony indicated that he used his skills as an attorney in deciding how to fashion the criminal complaint. There is, therefore, no reason for adopting the narrow reading of the Rule urged by the plaintiff.
In arguing that the evidence does not support the committee's finding that he filed the criminal complaint solely for the purpose of gaining an advantage in the civil actions, the plaintiff isolates each piece of evidence and says, in effect, "That's not enough." In so doing, he seeks to avoid the effect of the totality of the evidence. CT Page 3705
An appeal from a decision of the committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky, supra, 234. Practice Book 27N(f) provides:
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion.
As indicated by the above provision of the Practice Book, the scope of the court's review is very limited. Although an appeal of a decision of the committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes 4-166 et seq., the practice book provisions are so similar to the provisions of General Statutes 4-183 of the UAPA that many of the same principles of law apply to appeals of the committee's decisions. "With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Connecticut Light Power Company v. DPUC, 219 Conn. 51,57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . ., the decision must be upheld." Conn.Building Wrecking Co. v. Carothers, 218 Conn. 580, 601 (1951). In particular, "a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness . . ." Id., 593.
In the present case, as noted, the committee found that the plaintiff pursued the criminal complaint even after being told that the police and local state's attorney's office would not prosecute because they believed no crime had been committed. The committee found that the plaintiff told the police that he would CT Page 3706 not pursue the criminal case if he was successful in the civil action. The committee found that there was a complete lack of evidence of the necessary elements of the criminal charge of conversion of leased property; that is, there was no evidence that Barrett had attempted illegally to conceal or dispose of the property in question. Thus, the plaintiff's claim of good faith in presenting the criminal complaint was seriously undermined. Based on these findings, the committee drew the inference that the plaintiff acted solely to advance his interests in the civil actions and not because there was any reason to believe that the criminal complaint was legitimate.
Of course, the committee had to make judgments as to the credibility of witnesses and the weight to be accorded to certain evidence as opposed to other evidence. But that is quintessentially the task of an administrative fact finder, the committee in this case. The court must affirm the committee's findings unless they are not supported by clear and convincing evidence. The court may not overturn those findings merely because there is contradictory evidence nor because the court might have reached a different result.
In this case, after reviewing the record, the court concludes that the committee had the requisite clear and convincing evidence to support its findings. In addition to the evidence summarized above, the undisputed chronology of events, including the fact that the plaintiff did not go to the police until after he had brought the civil actions, provides support for the committee's finding that he filed the criminal complaint only for the purpose of obtaining an advantage in those civil actions.
For all of the above reasons, the appeal is dismissed.
MALONEY, J.