IRVING J. PINSKY *v.* STATEWIDE GRIEVANCE
COMMITTEE ET AL.
(13828)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued May 2—decision released August 14, 1990

*Christine M. Whitehead,* for the appellant (named defendant).

*Roger J. Frechette,* with whom was *Matthew E. Frechette,* for the appellee (plaintiff).

COVELLO, J. This is an appeal from a judgment of the trial court that rescinded the reprimand of an attorney issued by the named defendant, the Statewide Grievance Committee (defendant). The issues presented are: (1) whether an attorney has the right to appeal a reprimand issued by the defendant to the Superior Court; (2) if the right to such an appeal exists, should the Superior Court proceedings be limited to a review of the record before the defendant or should the trial court conduct a trial de novo; and (3) whether the trial court correctly concluded that the plaintiff had not violated the Rules of Professional Conduct. We conclude that: (1) an attorney has the right to appeal a repri-

mand; (2) such an appeal is limited to a review of the record of the proceedings before the defendant; and (3) a review of that record supports the trial court's conclusion that the plaintiff had not violated the Rules of Professional Conduct.

Examination of that record discloses the following: The plaintiff, Irving J. Pinsky, is an attorney. During the time in question, he maintained his office in a New Haven building owned by the Bank of Boston/Connecticut. Eric Connery, the bank's employee, managed the building. The bank, represented by a New Haven law firm, began a summary process action against the plaintiff, seeking to evict him from the building. The plaintiff did not enter his own appearance, but rather retained counsel to represent him in the summary process action.

On at least one occasion, the bank's attorneys contacted the plaintiff directly by mail, returning his tender of rent with a covering letter. On March 29, 1988, the plaintiff sent a letter addressed to Connery's home. The letter did not indicate the plaintiff's status as an attorney, but it did contain his name and post office box number. In his letter to Connery, the plaintiff expressed his frustration with the events surrounding the eviction, and threatened to initiate a legal action against Connery.

On April 19, 1988, Connery filed a complaint with the defendant, alleging, inter alia, that the plaintiff knew the bank was represented by counsel and had therefore improperly communicated directly with Connery, an employee of the bank, in violation of Rule 4.2 of the Rules of Professional Conduct.[1] Pursuant to Practice

---

[1] "[Rules of Professional Conduct] Rule 4.2 COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL

"In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented

Book § 27F (a) (1),[2] the defendant referred the complaint to the grievance panel for the New Haven judicial district. On May 27, 1988, the grievance panel concluded that there was insufficient evidence to support a finding of probable cause that the plaintiff was guilty of misconduct.

On September 15, 1988, however, contrary to the finding of the grievance panel, the defendant found that there was probable cause to believe that the plaintiff had violated Rule 4.2. Pursuant to Practice Book § 27J (a)[3] the defendant then referred the complaint to a reviewing committee. On March 28, 1989, the reviewing committee recommended that the complaint be dismissed. On April 20, 1989, despite the review-

by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

[2] "[Practice Book] Sec. 27F.—FILING COMPLAINTS; ACTION; TIME LIMITATION

"(a) Any person, or a grievance panel on its own motion, may file a written complaint alleging attorney misconduct whether or not such alleged misconduct occurred in the actual presence of the court. Complaints against attorneys shall be filed with the statewide bar counsel. Within seven days of the receipt of a complaint the statewide bar counsel shall:

"(1) forward the complaint to a grievance panel in the judicial district in which the respondent maintains his principal office or his residence, provided that, if the respondent does not maintain such an address in this state, the statewide bar counsel shall forward the complaint to any grievance panel."

[3] "[Practice Book] Sec. 27J. ACTION BY STATEWIDE GRIEVANCE COMMITTEE OR REVIEWING COMMITTEE

"(a) Upon receipt of the record from a grievance panel, the statewide grievance committee may assign the case to a reviewing committee which shall consist of at least three members of the statewide grievance committee, at least one third of whom are not attorneys. The statewide grievance committee may, in its discretion, reassign the case to a different reviewing committee. The committee shall regularly rotate membership on reviewing committees and assignments of complaints from the various grievance panels. An attorney who maintains an office for the practice of law in the same judicial district as the respondent may not sit on the reviewing committee for that case."

ing committee's recommendation to the contrary, the defendant concluded that the plaintiff had violated Rule 4.2, and reprimanded him.

On May 25, 1989, the plaintiff began this action in the Superior Court seeking judicial review of the defendant's actions. The plaintiff claimed, inter alia, that because he was not representing a client at the time of his communication with Connery, his activities were not governed by the Rules of Professional Conduct. On October 5, 1989, after conducting a trial de novo concerning the defendant's actions, the trial court, sustained the plaintiff's appeal, rescinded the reprimand, and ordered that an appropriate publication to that effect be published in the Connecticut Law Journal. The defendant appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

I

The defendant's first claim is that the Superior Court lacked jurisdiction to review the reprimand issued by the defendant. The defendant argues that while the rules of practice and the General Statutes empower the defendant to issue reprimands to attorneys, there are no provisions for appeal from such a disciplinary action. See General Statutes § 51-90 et seq. and Practice Book § 27B et seq. We agree that there is no statutory right of appeal from a reprimand, but conclude nevertheless that the trial court has authority to review such an order by virtue of its inherent supervisory authority over attorney conduct.

"Judges of the Superior Court possess the 'inherent authority to regulate attorney conduct and to discipline members of the bar.' *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 523, 461 A.2d 938 (1983). 'It is their unique position as officers and

commissioners of the court . . . which casts attorneys in a special relationship with the judiciary and subjects them to its discipline.' Id., 524.'' *Statewide Grievance Committee* v. *Presnick,* 215 Conn. 162, 166, 575 A.2d 210 (1990); *Statewide Grievance Committee* v. *Rozbicki,* 211 Conn. 232, 238, 558 A.2d 986 (1989).

General Statutes § 51-90 et seq. and Practice Book § 27B et seq. ''are not restrictive of the inherent powers which reside in courts to inquire into the conduct of their own officers, and to discipline them for misconduct.'' *State* v. *Peck,* 88 Conn. 447, 457, 91 A. 274 (1914). ''[D]isciplinary [proceedings] are taken primarily for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them. . . . The end result of these proceedings is a judgment from which an appeal lies to this court. *In re Application of Dodd,* 131 Conn. 702, 707, 42 A.2d 36 [1945]; *O'Brien's Petition,* [79 Conn. 46, 59, 63 A. 777 (1906)].'' *Heiberger* v. *Clark,* 148 Conn. 177, 183, 169 A.2d 652 (1961).

In *Grievance Committee of the Bar of New Haven County* v. *Sinn,* 128 Conn. 419, 422, 23 A.2d 516 (1941), we concluded that ''[i]n [*presentment*] proceedings . . . a defendant is entitled to notice of the charges against him, to a fair hearing, and a fair determination, in the exercise of a sound judicial discretion, of the questions at issue, *and to an appeal to this court* for the purpose of having it determined whether or not he has in some substantial manner been deprived of such rights.'' (Emphasis added.) Since the public notice of a reprimand is just as damaging to an attorney's reputation as the publicity attending a presentment proceeding, it is inconsistent and inequitable to deny an attorney the right to a review of a reprimand issued by the defendant while affording the right to a review

of the trial court's decision in presentment proceedings. *Statewide Grievance Committee* v. *Presnick,* supra, 170.[4]

## II

The defendant next argues that even if the trial court had the authority to review its actions, the trial court should have limited the proceedings to a review of the record rather than conducting a trial de novo. We agree.

Appeals to the court from the determinations of administrative, legislative and quasi-judicial bodies are limited to a review of the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. See, e.g., *Levinson* v. *Board of Chiropractic Examiners,* 211 Conn. 508, 560 A.2d 403 (1989) (chiropractors); *State Medical Soci-*

[4] In *Sobocinski* v. *Statewide Grievance Committee,* 215 Conn. 517, 576 A.2d 532 (1990), we recently concluded that the defendant, as an adjunct of the judicial branch, is not an administrative agency within the meaning of the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; and that a complainant was therefore not entitled to appeal under that act from decisions of the defendant. Although the second count of the plaintiff's complaint purports to be an appeal from the defendant as an "agency" as defined in General Statutes § 4-166, the remaining four counts set forth grounds supporting the equitable relief claimed. In rendering judgment the trial court appears to have ignored the second count and simply ordered as equitable relief a rescission of the reprimand and an appropriate publication of the rescission.

It is not clear that the plaintiff in *Sobocinski* could have used this equitable avenue to obtain judicial review of the decision of the defendant dismissing her complaint against her former attorney from which she had appealed pursuant to General Statutes § 4-183. As a complainant, her interest in that decision was not equivalent to the right of an attorney, such as this plaintiff, in preserving his professional reputation. There may be situations, however, where a decision of the defendant so affects the constitutionally protected interests of a complainant that an appeal to court may be warranted. Cf. *Circle Lanes of Fairfield, Inc.* v. *Fay,* 195 Conn. 534, 542–43, 489 A. 2d 363 (1985).

*ety* v. *Board of Examiners in Podiatry,* 208 Conn. 709, 546 A.2d 830 (1988) (podiatrists); *Stern* v. *Medical Examining Board,* 208 Conn. 492, 545 A.2d 1080 (1988) (physicians); *Leib* v. *Board of Examiners for Nursing,* 177 Conn. 78, 411 A.2d 42 (1979) (nurses); *Board of Education* v. *Commission on Human Rights & Opportunities,* 176 Conn. 533, 409 A.2d 1013 (1979) (teachers); *Obuchowski* v. *Dental Commission,* 149 Conn. 257, 178 A.2d 537 (1962) (dentists); *Jaffe* v. *State Department of Health,* 135 Conn. 339, 64 A.2d 330 (1949) (physicians); *Lieberman* v. *State Board of Examiners in Optometry,* 130 Conn. 344, 34 A.2d 213 (1943) (optometrists); *U.S. Vision, Inc.* v. *Board of Examiners for Opticians,* 15 Conn. App. 205, 545 A.2d 565 (1988) (opticians). Although there is no statutory provision for an appeal from the reprimand ordered by the defendant, we see no reason why the right of an attorney to judicial review in a disciplinary matter should be any different than the process accorded other professionals in disciplinary matters before licensing and/or disciplinary boards.

The fact that the trial court conducted a trial de novo, however, does not compromise the result in the present instance. The undisputed facts contained in the record of the disciplinary proceedings conducted by the defendant establish that a review of the record would have produced the same result. The trial court proceedings, although described as a trial de novo, in fact did not produce any additional evidence that was not contained within the record before the defendant. These predicate facts support the legal conclusion reached by the trial court.

Rule 4.2 provides that "[*i*]*n representing a client,* a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the

lawyer has the consent of the other lawyer or is authorized by law to do so." (Emphasis added.) The purpose of this restriction is to preserve the integrity of the lawyer-client relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer. The rule is designed to prevent situations in which a represented party may be taken advantage of by opposing counsel. See ABA/BNA Lawyer's Manual on Professional Conduct (1989) § 71:303.

Contact between litigants, however, is specifically authorized by the comments under Rule 4.2: "This Rule does not prohibit communication with a party . . . concerning matters outside the representation. . . . Also, *parties to a matter may communicate directly with each other* and *a lawyer having independent justification for communicating with the other party is permitted to do so.*" (Emphasis added.) The language of Rule 4.2 and the comments thereto, limit the restriction on communications with represented parties to those situations where the attorney is "representing a client." Here, the plaintiff was not "representing a client."

The grievance panel, the reviewing committee and the trial court all correctly concluded that the plaintiff's letter was a communication between litigants and that the plaintiff had a right to make such a communication because he was not representing a client. There was no evidence that suggests that the letter was written by the plaintiff in a representative capacity. While the plaintiff's conduct may have been less than prudent, it did not violate Rule 4.2.

"Where the trial court reaches a correct decision but on mistaken [procedural] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it. *Morris* v. *Costa,* 174 Conn. 592, [597-98,] 392 A.2d 468 [1978]; *DiMaggio* v. *Cannon,*

165 Conn. 19, 24, 327 A.2d 561 [1973]." *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978). "This court is not required to reverse a ruling of the trial court which reached a correct result, albeit [from] a wrong [procedural posture]. *Favorite* v. *Miller,* [supra]." *Herrmann* v. *Summer Plaza Corporation,* 201 Conn. 263, 274, 513 A.2d 1211 (1986).

The judgment of the trial court is affirmed.

In this opinion the other justices concurred.