[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff Tobias Weiss, an attorney practicing in Stamford, from a reprimand issued to him by the defendant Statewide Grievance Committee. This type of appeal was authorized by Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 232, 578 A.2d 1075
(1990).
The factual background is that one Raymond Zebrosky filed a grievance with the grievance panel for this judicial district concerning Attorney Weiss. The relationship between the plaintiff and Zebrosky arose out of legal services rendered by the plaintiff for Zebrosky and his two brothers in connection with the development of certain Stamford real estate owned by the three brothers as a possible motel. When the plaintiff attempted to collect his legal fees for working on the project his clients indicated that they had insufficient funds to pay him but instead granted Attorney Weiss an 18% interest in the motel project. These activities took place in 1981. The motel project on which the plaintiff worked was subsequently abandoned and a new motel project was then pursued by the Zebrokys without involving the plaintiff. Mr. Weiss then sought to collect legal fees from the Zebroskys by instituting suit in this court in 1985.
The grievance panel found that there was "probable cause" that the plaintiff had "violated" the then existing DR 5-104(A) of the Code of Professional Responsibility by entering into a "business transaction with his client knowing that they had differing interests therein, to wit, the client (Zebrosky) sought to have his fees paid."
DR 5-104(A), as it existed in 1981, read as follows[1]: "A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure." CT Page 6786
The grievance panel after finding probable cause referred the matter to the defendant Statewide Grievance Committee in accordance with General Statutes 51-90f(d) and Practice Book 27J(c). A reviewing committee of the defendant Statewide Grievance Committee then conducted a hearing in accordance with Practice Book 27J(a)(e) and subsequently submitted its "Proposed Decision" to the defendant. The reviewing committee recommended that the plaintiff Weiss be reprimanded for violating DR 5-104(A) of the Code of Professional Responsibility: "[w]e are of the opinion that the Respondent (plaintiff Weiss) engaged in a business transaction with his client without taking adequate steps to provide the Complaint (Zebrosky) with a full disclosure of the effect of (Weiss') interest on the attorney-client relationship. (Weiss) did not advise (Zebrosky) to seek other counsel."
The defendant Statewide Grievance Committee, after reviewing the proposed decision of the reviewing committee, "decided to adopt the proposed decision" of that committee and therefore reprimanded the plaintiff.
The plaintiff's appeal to this court contains several reasons why he believes the reprimand was unjustified and should be rescinded, including the standard of proof used by the defendant. Statement Grievance Committee v. Presnick, 215 Conn. 162, 171-72,575 A.2d 210 (1990), held that allegations of attorney misconduct had to be based on "clear and convincing proof." In this regard the grievance panel found that there was "probable cause" that the plaintiff had violated DR 5-104(A). The "Proposed Decision" by the reviewing committee indicated that it "finds merit to the probable cause determination (by the grievance panel) on a conflict of interest," and the Statewide Grievance Committee adopted the proposed decision of this committee, and reprimanded the plaintiff. A finding of "probable cause" by a grievance panel is proper. The issue here is what standard the reviewing committee and the defendant used.
It is difficult to discern whether the reviewing committee and the defendant used the proper standard of proof, viz. whether "the factual findings (of the Statewide Grievance Committee) . . . are supported by clear and convincing evidence;" Statewide Grievance Committee v. Presnick, supra, 172; because the reviewing committee indicated that it found "merit" with respect to the grievance panel's finding of "probable cause". CT Page 6787
Therefore, this appeal is remanded to the defendant Statewide Grievance Committee for a further report indicating whether its factual findings and conclusion that the plaintiff Weiss was guilty of attorney misconduct were based on clear and convincing proof.
William B. Lewis, Judge