[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Attorney William M. Laviano from a reprimand issued to him by the defendant Statewide Grievance Committee. The reprimand was issued on April 19, 1990, and plaintiff promptly filed an appeal with this CT Page 351 court, but action on the appeal was stayed for most of 1990 awaiting the decision on the Grievance Committee's claim in the then pending case of Pinsky vs. Statewide Grievance Committee to the effect that the Superior Court did not have jurisdiction to entertain appeals from reprimands issued by the Statewide Grievance Committee. That issue was, of course, decided adversely to the Grievance Committee by Pinsky vs. Statewide Grievance Committee, 216 Conn. 228 (1990). The briefing in this case was not concluded until July of 1992, and the case was assigned to this Judge in October of 1992. The Hearing was scheduled and then rescheduled for December 22, 1992 at which time the parties were heard for as long as they wished.
Upon review of the record in this case, the court is remanding the matter to the Statewide Grievance Committee for additional proceedings.
It is clear from Pinsky vs. Statewide Grievance Committee, supra, and from Statewide Grievance Committee vs. Presnick,215 Conn. 162, that the standard of proof applicable to the Statewide Grievance Committee is clear and convincing proof that a violation of a professional rule has occurred. It is not possible for the court to ascertain from the record before it what standard of proof the Committee used. The court notes that the Committee's decision was issued before the publication of both Presnick and Pinsky, so that it is understandable that the standard used by the Committee is not clearly set forth in its decision. However, the fact the decision was issued before these cases make it even more difficult for the court to assume that the Statewide Grievance Committee used a standard of proof which had not yet been enunciated by our Supreme Court.
In addition, the proposed decision purports to make "findings" but the first, second, fourth and fifth paragraphs of the proposed decision prepared by the reviewing sub-committee of the Statewide Grievance Committee simply repeats allegations without indicating whether or not the allegations were or were not accepted.
Therefore, this appeal is remanded to the defendant Statewide Grievance Committee for a further report indicating what facts were specifically found on which the Committee's conclusions were based, and whether or not those factual findings were based on clear and convincing proof. CT Page 352
Koletsky, J.