[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert B. Katz, an attorney, appeals a decision of the defendant statewide grievance committee reprimanding the plaintiff, based on a complaint filed by Barbara T. Zampano. The committee acted pursuant to Practice Book §§ 27J and 27M and General Statutes §§ 51-90g and 51-90h. The appeal is brought pursuant to Practice Book § 27N. See also, Pinsky v. StatewideGrievance Committee, 216 Conn. 228 (1990). The court finds the issues in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record of the committee's proceedings. In June 1994, this court (Barall, J.) appointed the plaintiff to serve as guardian ad litem for the minor child of the parties to a dissolution of marriage action, Thomas K. Zampano v.Barbara T. Zampano, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket # FA94 053 5374. At the same time, the court appointed another attorney to serve as attorney for the child.
In July 1994, Barbara T. Zampano filed a motion seeking revocation of the plaintiff's appointment as guardian ad litem. The principal basis of the motion was Zampano's disagreement with some of the charges on the plaintiff's bill for services. On September 7, 1994, after a hearing, the court (Steinberg, J.) denied the motion without ruling on the propriety of the plaintiff's bill, leaving that issue for another day.
On September 19, 1994, while the dissolution action was still pending, Zampano filed a grievance complaint with the statewide bar counsel, alleging essentially the same facts that she, through her attorney, had argued to CT Page 9866 the court a few days earlier. It is this complaint that is at issue in the present appeal.
On December 14, 1994, the local grievance panel that had been assigned to the complaint, rendered a determination that no probable cause existed for finding that the plaintiff violated any of the Rules of Professional Conduct. In so holding, the panel noted that "the Court has indicated its willingness to hear and determine the appropriateness of the fees charged by the (plaintiff). As such, it is recommended that the parties seek a hearing before the Court as to the issues raised in this complaint."
On February 22, 1995, a reviewing committee of the defendant statewide grievance committee reversed the decision of the local panel and found probable cause to believe that the plaintiff had violated Rules 1.5 and 8.4 by overbilling the complainant for a July 1994 court appearance. The committee thereupon scheduled the complaint for a hearing before a reviewing subcommittee on May 11, 1995.
The plaintiff failed to attend the hearing conducted by the reviewing subcommittee. The complainant appeared, however, and testified and presented evidence, especially the disputed bill for services. The complainant's evidence was to the effect that the plaintiff billed her for court appearances when he was not present in court and also for time and expenditures incurred in responding to her grievance complaint.
On November 6, 1995, the reviewing subcommittee rendered its proposed decision and invited responses from the plaintiff and complainant. In its proposed decision, the reviewing subcommittee found that the plaintiff had violated the rules by charging an excessive fee for the July 1994 court appearance and for charging for work done in responding to the grievance complaint. The subcommittee recommended that the plaintiff be reprimanded.
On November 13 and 17, 1995, the plaintiff filed responses to the proposed decision. He claimed that his failure to appear at the hearing was due to CT Page 9867 "inadvertence." He claimed, further, that the committee should either stay the grievance proceedings pending a ruling by this court on the disputed fee issues or should reopen the hearing and consider the court proceedings that took place on November 9, 1995, before Judge Barall, after the subcommittee had rendered its proposed decision. The plaintiff attached a transcript of that court session to his response.
On December 22, 1995, the defendant committee rendered its final decision on the complaint. The committee cited the court proceedings before Judge Barall and declined to adopt the reviewing committee's recommended findings concerning the alleged overbilling for the July 1994 court appearance. The committee did adopt the subcommittee's findings "that the (plaintiff) violated Rule 1.5(a) for charging the Complainant for work done in responding to the grievance complaint." Based on that finding, the committee issued a reprimand.
At oral argument in this appeal, counsel for the defendant committee clarified the committee's decision, identifying certain charges on the plaintiff's bill to the complainant dated October 19, 1994, as those that the committee found to be related to the grievance complaint rather than to guardian ad litem work. These were for time spent on September 21 and 26, 1994, and for obtaining a transcript of some court proceeding. It appears that the total charge for these items was approximately $240 out of a total bill for $8,416.
In his brief and at oral argument to this court on appeal, the plaintiff advances several arguments in support of his appeal. The argument which, in effect, challenges the committee's exercise of its discretion is dispositive of the appeal in the plaintiff's favor.
An appeal from a decision of the committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky, supra, 234. Practice Book 27N(f) provides:
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee as to the weight CT Page 9868 of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: . . . (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In the present case, the precise issue that was the basis of the committee's decision was, at the time of that decision, pending before this court in an action in which the plaintiff (as guardian ad litem for the minor child) and complainant were parties. That issue, as noted, was the propriety of fees and costs associated with the plaintiff's response to the grievance, as reflected on the bills plaintiff sent to the complainant. Furthermore, the judge hearing that dissolution case had made clear that it was the court's preference, and intention, to decide the disputed fee issue rather than to relegate it to the committee for decision.
The transcript of the November 9, 1995 proceeding in this court before Judge Barall indicates that the subject matters in controversy that day were the bills submitted to the parties by the child's attorney and by the plaintiff as guardian ad litem. The plaintiff's bill included the fees and costs in dispute here. The court considered the parties claims and resolved some of them. The court reserved decision on the remaining claims, including the charge for the July 1994 court appearance and those still in dispute here. The plaintiff then called the court's attention to the fact of the "ongoing grievance," which was, of course, at that time still undecided by the committee.
In response to the plaintiff's concern about the grievance proceeding, Judge Barall stated, "Well, in my deferring (a hearing and decision on the dispute) today, just so it's clear for the record, it is not because the Court would not sit through and do it today if it had the time. In fact, (the court) would because I think it deserves immediate attention by the Court . . . Because I really think it's the obligation of this court to decide CT Page 9869 that type of issue both legally and morally. And the reason I think it is that because this Court has the obligation to scrutinize all bills involving . . . attorneys who act as either attorneys for or guardians of (minor children in dissolution actions) because they are not in the same capacity as" lawyers retained by the litigants. Judge Barall noted that "the ultimate responsibility for justice in the state and for the issue of how attorneys are handled is really the Court's business." The judge again emphasized that the court,rather than the defendant statewide grievance committee,
should hear and decide complaints regarding the fees charged by attorneys whom the court has appointed to represent children in pending dissolution cases.
At oral argument on this appeal, counsel for the committee suggested that Practice Book § 27F(2) grants the committee absolute discretion to determine whether a complaint such as the one in this case should be resolved by the court or by the committee. The court disagrees. That section establishes a procedure under which the bar counsel and committee may screen complaints and, "if deemed appropriate," dismiss a complaint without a hearing if the complaint "alleges misconduct occurring in a pending superior court, appellate court or supreme court action . . . in which the court has been made aware of the allegations of misconduct and has not referred the matter to the statewide bar counsel or statewide grievance committee."
The committee obviously did not follow the procedure established by § 27F(2) in this case. Instead, it followed the procedure established by § 27F(1), referring the complaint to the local panel and thence to a reviewing committee for hearing and decision. The present case comes to the court, therefore, by way of appeal pursuant to § 27N, which specifically requires the court to sustain the appeal and rescind the committee's action if the court finds that the committee acted in abuse of its discretion. The practice book thus requires the court to determine whether the committee's exercise of discretion was warranted.
The facts summarized above, which are undisputed, argue powerfully against the committee's action. CT Page 9870
First, the committee knew, at the time it rendered its decision, that the precise issue was then pending in this court and that Judge Barall had specifically held that the court, not the committee, should and would decide the issue.
Second, by deciding the issue prior to the court deciding it, the committee unnecessarily created the potential for a conflict between its decision and the impending decision of the court in the dissolution action.
Third, by deciding the issue prior to the court deciding it, the committee unnecessarily created the potential for a conflict between the decision of the Superior Court in this appeal and the decision of another judge of the Superior Court in the dissolution action. In this regard, the court takes notice of the fact that no decision has yet been rendered on the fee issue in the dissolution action.
Based on the undisputed facts and the considerations set forth above, the court concludes that the defendant committee's decision to reprimand the plaintiff in this case constituted an abuse of its discretion or an "unwarranted" exercise of discretion. The committee did decline to adopt part of the reviewing committee's proposed decision "in consideration of Judge Herbert Barall's actions in this matter;" the correct course of action would have been to reject the proposed decision entirely, for the same reason.
The appeal is sustained. The case is remanded to the committee, and the committee is ordered to vacate the order reprimanding the plaintiff.
MALONEY, J.