[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the appellant, a member of the Connecticut bar; appeals pursuant to Practice Book Section 27N, a decision of the Statewide Grievance Committee reprimanding him for a violation of Rule 1.5 of the Rules of Professional Conduct. CT Page 6197
The Uniform Administrative Procedure Act does not apply to the Grievance Committee, but the same principles as to the scope of judicial review are applicable. Pinsky v. Statewide GrievanceCommittee, 216 Conn. 228, 334 (1990). The role of the court "is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks and citations omitted.) Weissv. Statewide Grievance Committee, 227 Conn. 802, 812 (1993).
Allegations of attorney misconduct must be proven by clear and convincing evidence, regardless of the nature of the sanction ultimately imposed. Statewide Grievance Committee v. Presnick,215 Conn. 162, 171-72 (1990).
The court has thoroughly examined the record and holds that the finding of attorney misconduct is not supported by clear and convincing evidence.
The Plaintiff was charged with a violation of Rules of Professional Conduct 1.5 relating to an alleged unreasonable bill dated September 1, 1994 and submitted September 2, 1994.
The undisputed evidence establishes that the grievant Mr. David E. Kimball and his business partner Mr. John Betz retained the Plaintiff, and the firm of which he is the principal. The terms of the arrangement are set forth in a written agreement dated March 16, 1994. The terms include a provision for an attorney billing rate of $235 an hour. The Plaintiff knew Kimball and Betz for many years in his capacity as Corporate Counsel to their former employer. McGovern, Kimball and Betz agreed that an attorney, Davidson Williams; would be co-counsel with respect to an arbitration proceeding in New York City, where Williams maintained an office. The parties all agreed that Plaintiff's firm would work with Williams on the arbitration matter Kimball, Betz and McGovern agreed orally to a regular monthly payment in lieu of the monthly payment for services rendered specified in the March 16, 1994, engagement letter. It was also agreed that Williams service would be submitted through the McGovern firm.
Kimball and Betz made $12,500 payments in May and June 1994, to the McGovern firm, but paid Williams directly in July and August. CT Page 6198
The Plaintiff spoke to Mr. Betz in August and estimated a total bill for the arbitration matter in an approximate amount of in excess of $100,000; including Williams and McGovern 
Associates time. (R.T. p. 102.)
Mr. Betz was upset at the amount of the bill and the parties agreed to meet to discuss the bill.
A meeting occurred at Plaintiff's office on September 2, 1994. The Plaintiff had his secretary prepare an interim statement reflecting the McGovern Associates charges as well as those of Mr. Williams.
Mr. Williams statements reflected an hourly rate of $150 an hour.
Mr. Williams, on August 19, 1994, provided Betz and Williams with copies of his statements which had been forwarded to the plaintiff's firm. A copy of the August 19, 1994, transmittal was sent to the Plaintiff.
The interim statement presented at the September 2, 1994, meeting billed Mr. William's time at the firm's customary and retainer rate of $235 an hour. The interim statement also incorrectly reflected Mr. Williams' hours. (The September 1, interim statement reflected Mr. Williams hours at a total of 299.70 hours when they were actually 279.25 hours. In uncontroverted testimony the person who prepared the interim statement attributed these errors to the computer software using the customary attorney rate, upward adjustments from a quarter hour system to a tenth of an hour system and one clerical error in entering 13 hours rather than 1.25 hours. The interim bill was not subject to a final customary checking procedure designed to correct such errors, before final bills are issued.)
Early on in the September 2, 1994 meeting, the Plaintiff agreed to have Williams bill Betz and Kimball directly and not through McGovern Associates. Thus the inaccurate billing by Plaintiff was conceded and withdrawn when Plaintiff was confronted with the billing rate discrepancy by Plaintiff.
The reviewing committee of the Statewide Grievance Committee in its decision held:
This reviewing committee finds by clear and convincing CT Page 6199 evidence that Respondent Kevin M. McGovern submitted an unreasonable bill to the Complainant and Mr. Betz for payment dated September 1, 1994 at the September 2, 1994 meeting in violation of Rule 1.5 of the Rules of Professional Conduct. The September 1, 1994 bill sought $70,429.50 for Attorney Williams services, although Attorney Williams billing totalled $41,887.50 for services. The September 1, 1994 itemized bill reflected Attorney Williams' hourly rate at $235.00, although Attorney Williams' agreed billing rate bill was $150.00 per hour. This reviewing committee rejects the credibility of the Respondents' claim that the September 1, 1994 interim statement was only a draft work document and not intended to be a legal invoice. Respondent Kevin M. McGovern's conduct breached ethical standards. We recommend that the Statewide Grievance committee reprimand Kevin M. McGovern. We recommend further that the Statewide Grievance Committee dismiss the complaint against the Respondent firm.
The reviewing committee is entitled to deference on its credibility determinations; but the record must contain evidence supporting its conclusions. Even if they ignored the unrefuted evidence that the "interim statement" was a draft which had not been corrected; the deficiencies were resolved early in the September 2, 1994 meeting.
"The burden is on the . . . committee to establish the occurrence of an ethics violation by clear and convincing evidence." Weiss v. Statewide Grievance Committee, 227 Conn. 802,812 (1993). "Clear and convincing evidence is that which is strong, positive, free from doubt, and full, clear and decisive."Wenc v. Statewide Grievance Committee, 9 Conn. L. Rptr. No. 1. 21, 24, 1993 WL 137719 5 (Conn.Super. May 24, 1993, Norko, J.). Also, see Dacey v. Connecticut Bar Association, 170 Conn. 520
(1976).
The evidence of the alleged unreasonable bill is the "interim bill" and testimony of Betz and Kimball. Betz and Kimball conceded that the Williams portion of the bill was quickly resolved by agreement that it would not be billed through the Plaintiff's firm. (T. of 6/14/95 R. pp. 43 and 110.) The interim statement was never mailed. The demands for payment by Plaintiff clearly related to funds owed to his firm for their work which Betz and Kimball acknowledged owing. (T. of 6/12/95 pp. 30-34.) CT Page 6200
The underlying Grievance contained other allegations and the reviewing committee considered evidence on other claims; but the specific violation is alleged as to the Williams fee, which was abandoned and resolved with little discussion. The Committee ignored substantial unrefuted evidence that the Williams fee was erroneously calculated and included in the interim statement; and seized upon the brief discussion of payment of an outstanding bill, the offending portion of which was quickly resolved in grievant's favor, as clear and convincing evidence of an ethical violation. This decision is not supported by the evidence in the record and is logically deficient.
The Committee failed to meet its burden of proof as to the existence of an ethical violation.
The appeal is sustained and the Statewide Grievance Committee is hereby ordered to vacated the reprimand and dismiss the underlying grievance.
McWeeny, J.