[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant, a member of the Connecticut Bar, appeals pursuant to Practice Book Section § 2-38, a decision of the Statewide Grievance Committee ("Committee") reprimanding him for a violation of rule 4.2 of the Rules of Professional Conduct.
The Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., does not apply to the Committee, but the same principles as to the scope of judicial review are applicable. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990). In reviewing the decision of the Committee, the trial court does not take on the function of a fact-finder. "Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks omitted.) Weiss v. Statewide Grievance Committee, 227 Conn. 802,812 (1993). Pursuant to Practice Book § 2-35, the appeal shall be conducted by the court without a jury and is confined to the record.
Allegations of attorney misconduct must be proven by clear and convincing evidence, regardless of the nature of the sanction ultimately imposed. Statewide Grievance Committee v. Presnick,215 Conn. 162, 171-72 (1990).
Rule 4.2 of the Rules of Professional Conduct, entitled "Communication With Person Represented by Counsel," provides: CT Page 12853
 In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
A grievance was filed against the plaintiff on September 11, 1996, by Attorney C. Michael Budlong. The Stamford/Norwalk Judicial District grievance panel found no probable cause for such complaint on December 16, 1996. (Return of Record (ROR), Item 9, pp. 51-52.) A reviewing committee of the Statewide Grievance Committee on February 20, 1997 found contrary to the determination of the grievance panel that there was sufficient probable cause to hold a hearing to determine whether the plaintiff had violated rule 4.2 of the Rules of Professional Conduct. (ROR, Item 10, p. 53.) On May 15, 1997, the reviewing committee denied the plaintiff's April 8, 1997 request for reconsideration. (ROR, Item 12, p. 57.) A hearing was scheduled and held on July 3, 1997 by a reviewing panel of the Statewide Grievance Committee. (ROR, Item 12, p. 56.) The plaintiff and Attorney Budlong were heard in testimony and argument.
The reviewing committee in a proposed decision issued February 17, 1998, made the following findings and conclusions:
 The Complainant [Attorney Budlong] represented Anne Lowe in post-dissolution of marriage matters. The Respondent [the plaintiff in this action, Andrew J. Spinnell] represented Norman Lowe in post-dissolution of marriage matters. The Respondent knew that the Complainant represented Anne Lowe in post-dissolution of marriage matters. Nevertheless, the Respondent wrote a letter dated August 13, 1996 to Anne Lowe regarding post-dissolution of marriage matters. The Respondent did not have the Complainant's consent to write to Anne Lowe regarding post-dissolution of marriage matters.
 This reviewing committee finds the following violation of the Rules of Professional Conduct by clear and convincing evidence:
 In representing Norman Lowe in post-dissolution of CT Page 12854 marriage matters, the Respondent communicated about the subject of the representation with Anne Lowe. The Respondent knew that Anne Lowe was represented by the Complainant in post-dissolution of marriage matters. The Respondent did not have the consent of the Complainant to communicate with Anne Lowe about the subject of the representation. Accordingly, this reviewing committee finds by clear and convincing evidence that the Respondent violated Rule 4.2 of the Rules of Professional Conduct. Even if the Respondent had sent a copy of his letter to the Complainant, the Respondent would still have violated Rule 4.2 of the Rules of Professional Conduct. Accordingly, this reviewing committee recommends that the Statewide Grievance Committee reprimand the Respondent.
(ROR, Item 17, p. 118.)
The court has reviewed the record and concludes that the reviewing committee's factual findings are supported by substantial, and clear and convincing evidence.
The plaintiff, by letter of February 27, 1998, commented in opposition to the proposed decision. (ROR, Item 18, pp. 119-21.) The Statewide Grievance Committee on March 20, 1998 issued its decision adopting the proposed decision and reprimanding the plaintiff. (ROR, Item 19, p. 122.)
The plaintiff filed this appeal on April 20, 1998. The record was filed on May 14, 1998. Briefs were filed by the plaintiff on July 13, 1998 and the Committee on August 13, 1998. The parties were heard in oral argument on November 2, 1998.
In his appeal, the plaintiff raises three issues: (1) that the Committee erred in issuing its decision because a court had "been made aware of" the alleged misconduct but declined to "refer" plaintiff under Practice Book § 2-32F(a)(2)(F); (2) that the conclusion of misconduct under rule 4.2 of the Rules of Professional Conduct required a finding of prejudice, deception or threat to the adversarial system; and (3) that the sanction of a reprimand was not warranted.
In assessing the plaintiff's first claim, it is necessary to consider additional facts contained in the record. Anne and CT Page 12855 Norman Lowe were divorced in the New Hampshire Superior Court in 1993. (ROR, Item 1, p. 2.) In 1995, Ms. Lowe, now represented by Attorney Budlong, filed the New Hampshire judgment pursuant to General Statutes § 46b-71; and sought to open and vacate financial orders in such judgment. (ROR, Item 1, p. 2.) In the Connecticut action, Mr. Lowe appeared through Attorney Sheldon Rosenbaum. (ROR, Item 1, p. 2.)
In a decision dated June 14, 1996, Judge Axelrod vacated the New Hampshire judgment based on Mr. Lowe's misleading affidavit. (ROR, Item 1, pp. 5-12.) In his decision, Judge Axelrod also found that Mr. Lowe, subsequent to being served in Connecticut, relocated to New York. (ROR, Item 1, p. 7.) A stay of further proceedings in Connecticut was entered pending a determination of whether the New Hampshire Superior Court would retain jurisdiction.[1] (ROR, Item 1, p. 12.)
The plaintiff is admitted to both the Connecticut and New York bars. His office is in New York. The plaintiff was retained by Mr. Lowe to initiate post-judgment proceedings in New York. (ROR, Item 1, pp. 3-4.)
In response to the plaintiff's August 13, 1996 letter to his client, Attorney Budlong filed a motion in the Connecticut case on August 21, 1996 seeking sanctions and attorney's fees against the plaintiff. (ROR, Item 5, pp. 28-31.)
Judge Axelrod on September 16, 1996 considered several pending motions in Lowe v. Lowe, Superior Court, judicial district of Danbury at Danbury, Docket No. 319986 (September 16, 1996, Axelrod, J.) including the August 21, 1996 sanctions motions. (ROR, Item 5, p. 39.) The plaintiff attended such hearing, appearing on his own behalf on the sanctions issues. The court decided "that Defendant's [Anne B. Lowe] motion for sanctions and attorney fees . . . is denied as the Court does not have jurisdiction against Attorney Spinnell." (ROR, Item 5, p. 39.)
Practice Book § 2-32 provides that statewide bar counsel within seven days of receipt of a complaint shall review it and forward it to a judicial district grievance panel under Practice Book § 2-32(a)(1) or in conjunction with other members of Statewide Grievance Committee:
 shall, if deemed appropriate, dismiss the CT Page 12856 complaint on one or more of the following grounds:
 (F) the complaint alleges misconduct occurring in a pending superior court . . . action and the court has not been made aware of the allegations or on which the court has been made aware of the allegations of misconduct and has not referred the matter to the statewide bar counsel or grievance committee.
The plaintiff argues that he should have thus initially dismissed the grievance.
The court rejects this claim because it is not applicable, was not presented to the Statewide Grievance Committee and Practice Book § 2-32(a)(2)(F) does not require mandatory dismissal.
Section 2-32(a)(2)(F) of the Practice Book references misconduct occurring in a pending Superior Court action. The plaintiff wrote Ms. Lowe when the Connecticut action was stayed and in relation to a New York action to resolve the past judgment issues. The plaintiff never appeared in the Connecticut case (Lowe v. Lowe, Superior Court, Docket No. 066876) for any party, other than in a pro se capacity for himself on the sanctions issue. Judge Axelrod's finding of no jurisdiction over the plaintiff concerning the sanctions issues appears to recognize that the communication by the plaintiff to Ms. Lowe was not part of any case pending before him.
The plaintiff, though outlining the facts of the ConnecticutLowe v. Lowe sanctions motion, never asserted before the Committee that the grievance must be dismissed pursuant to Practice Book § 2-32(a)(2)(F). When Statewide Bar Counsel was conducting the review pursuant to Practice Book § 2-32
(a); there was no information relating to the Connecticut proceedings apparent from the file. The plaintiff at the hearing and in his objections to the proposed decision, never asserted Practice Book § 2-32(a)(2)(F) as a basis for dismissal of the grievance.
The plaintiff asserts that Practice Book § 2-32(a)(2)(F) requires a dismissal of a complaint and cites Superior Court decisions in support of such contention. The court finds such decisions distinguishable. CT Page 12857
In Katz v. Statewide Grievance Committee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 557186 (November 15, 1996, Maloney, J.), the Committee was reversed for abusing its discretion. Katz involved an alleged excessive fee of a court appointed attorney, where the court indicated its intention to resolve the fee dispute. The Superior Court had in fact resolved the fee dispute when the Committee ruled. This was properly found to constitute an abuse of discretion by the Committee. Katz does not stand for the proposition that the Committee has no discretion under Practice Book § 2-32(a)(2)(F). See also Brignole v. StatewideGrievance Committee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572335 (December 29, 1997, Aurigemma, J.) (where the Court stated in dicta that Practice Book § 2-37F(a)(2) is not mandatory, but discretionary.)
Budny v. Statewide Grievance Committee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 560637 (June 9, 1997, Levine, J.) (19 CONN. L. RPTR. 592) involved a grievance filed after a court proceeding in which it was inferred that the court found the action baseless. Once again, it was found: "Therefore, it is held that the Committee abused its discretion by refusing to dismiss the complaint."
In the instant case, the court before which the misconduct allegedly occurred declined to exercise jurisdiction over the plaintiff. There is no authority supporting the claim that Practice Book § 2-32a(2)(F) mandates dismissal. In view of the fact that Judge Axelrod took no action and indicated he was without jurisdiction, there is no basis for finding an abuse of discretion in the Committees examining the merits of the grievance.
The plaintiff next claims that the Committee was required to make a finding of prejudice or harm as a prerequisite for finding a violation of rule 4.2 of the Rules of Professional Conduct. This court disagrees. "The fact that no prejudice occurred does not mean that it could not have." Bonito v. Statewide GrievanceCommittee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 562425 (December 19, 1997, DiPentima, J.) (21 CONN. L. RPTR. 460). Our Supreme Court has stated that Rule 4.2 of the Rules of Professional Conduct was "designed to prevent situations in which a represented party may CT Page 12858 be taken advantage of by opposing counsel." (Emphasis added.)Pinsky v. Statewide Grievance Committee, supra, 216 Conn. 236; see also Bonito v. Statewide Grievance Committee, supra,21 CONN. L. RPTR. 460.
In the present case, the record reflects that Mrs. Lowe was a party in the Lowe v. Lowe action; that Mrs. Lowe was represented by an attorney; that the plaintiff knew Mrs. Lowe was represented by counsel; and that the plaintiff did not have the consent of Mrs. Lowes' attorney nor was the plaintiff authorized by law to contact Mrs. Lowe regarding the subject of the representation. (ROR, Item 1, pp. 2, 5, 13; ROR, Item 7, p. 46; ROR, Item 14, p. 66; ROR, Item 16, pp. 94, 97, 99-100; 102, 106-108.) The Committee was not required to find more. This court finds that the above factual findings by the Committee's are supported by substantial, and clear and convincing evidence.
The plaintiff's final argument requires that the court find an abuse of discretion in the imposition of a sanction specifically left to the Committee's discretion by Practice Book §§ 2-37(a) and 2-37(a)(1). The plaintiff argues for an admonishment which is not specifically authorized under § 2-37.
An agency's discretionary determinations are to be awarded considerable weight by the court. Lieberman v. State Board ofLabor Relations, 216 Conn. 253, 262 (1990); Angelsea Productions.Inc. v. Commission on Human Rights Opportunities,236 Conn. 681, 688 (1996). The Committee has been expressly empowered with the discretion to reprimand attorneys for violating the Rules of Professional Conduct. Where, as in this case, the violation is proven by clear and convincing evidence, after a full and fair hearing, there is no basis for judicial interference in the Committee's exercise of discretion.
The court under its limited powers of review may not undertake the function of a fact-finder. Pinsky v. StatewideGrievance Committee, supra, 216 Conn. 234. "The court shall affirm the decision of the committee unless the court finds that substantial rights of the Respondent [plaintiff] have been prejudiced. . ." Practice Book § 2-38(f).
There is unquestionably clear and convincing evidence that the plaintiff communicated directly with Ms. Lowe concerning the substance of the post-dissolution issues when he knew she was CT Page 12859 represented by Attorney Budlong.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny