[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is the extent to which an attorney for an adverse party can interview ex parte former employees of a party represented by counsel concerning the subject matter of CT Page 4227 pending litigation. The plaintiff has moved this court for permission to conduct ex parte interviews with eleven former employees of the defendant Warnaco, Inc.("Warnaco"). Warnaco objects to the plaintiffs motion and seeks a protective order that interviews by the plaintiffs attorney with former employees of Warnaco not be held except through formal depositions. For the succeeding reasons, the court grants the plaintiffs motion to conduct ex parte interviews and denies the defendant Warnaco, Inc.'s motion for a protective order.
Communications with other persons by an attorney when representing a client are governed by the Rules of Professional Conduct. Rule 4.2 prohibits a lawyer from communicating with a party the lawyer knows to be represented by counsel about the subject matter of the representation unless authorized by the consent of counsel or by law.[1] See also Rule 4.3 which governs dealings with unrepresented persons[2] and Rule 4.4 which mandates respect for the rights of third persons.[3] The purpose of Rule 4.2 "is to preserve the integrity of the lawyer-client relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer. The rule is designed to prevent situations in which a represented party may be taken advantage of by opposing counsel." Pinsky v.Statewide Grievance Committee, 216 Conn. 228, 236, 578 A.2d 1075
(1990).
When the represented party is a corporation or other entity, the issue is one of which employees or agents of the corporation so personify the entity that they are governed by the strictures of Rule 4.2. The Comment to Rule 4.2 provides that "In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." The Comment indicates that the prohibition on communication does not apply to all employees of a corporation, but only those that run the entity or those that can hurt or bind the organization. See G. Hazard and W. Hodes, The Law of Lawyering: A Handbook on the Model Rules of Professional Conduct 734 (1994 Supp. ).
Rule 4.2 does not bar contact by an attorney for an adverse party with former employees of a corporation. Dubois v. GradcoCT Page 4228Systems, 136 F.R.D. 341 (D. Conn. 1991); Polycast TechnologyCorporation v. Uniroyal. Inc., 129 F.R.D. 621 (S.D.N.Y. 1990) andCarrier Corporation v. The Home Insurance Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV88-352383S (February 11, 1992) (Schaller, J.)[4]
See also ABA Formal Opinion 91-359 (March 21, 1991) (the prohibition of Rule 4.2 with respect to contacts by a lawyer with employees of an opposing corporate party does not extend to former employees of that party.) There is no bar to communicating with former employees of a corporation because they no longer manage the corporation and their actions and statements no longer bind the corporation. G. Hazard and W. Hodes, supra, p. 739.
Although Rule 4.2 does not prohibit ex parte communication with former employees of a corporate party, there are recognized limits to such contact. Former employees acting as trial consultants or otherwise actively and extensively working with the corporation's attorney in marshaling evidence and preparing for litigation may be off limits to ex parte contact by an attorney for an adverse party. MMR/Wallace Power and Industrial,Inc. v. Thames Associates, 764 F. Sup. 712 (D. Conn. 1991). See also United States v. Housing Authority of the Town of Milford,179 F.R.D. 69 (D. Conn. 1997) and G. Hazard and W. Hodes, supra, p. 739. The rationale for a ban on ex parte communication with a trial consultant is that, because of the individual's extensive exposure to privileged communications and sustained access to the party's litigation strategy and the attorney's work product, the very purpose of the contact may be to obtain privileged information or at the very least there is a high risk of disclosure of such information.
Warnaco argues in this case that ex parte communications should not be allowed with five of its former employees, Steven Nelson, Wallace Brooks and Joseph Anastasio, Irwin Zaetz, and Kay Bentson, because they were privy to confidential communications and exposed to the corporation's litigation strategy as a result of meetings each of them had with Warnaco "s attorneys regarding the present litigation. Warnaco claims that these former employees should be deemed trial consultants because Warnaco's attorneys discussed trial strategy with them. Warnaco, in support of its position, submitted testimony from Attorney Michael Colosi, its associate general counsel, and a sworn affidavit from Attorney Stefan R. Underhill, who previously represented Warnaco in this matter and who is now a United States District Court Judge in Connecticut and unavailable to testify. The court also CT Page 4229 heard testimony from Steven Nelson and Joseph Anastasio.
Attorney Underhill and Attorney Colosi in connection with their representation of Warnaco with respect to the subject matter of this litigation each discussed with Joseph Anastasio the facts as they relate to the claims being made by the plaintiff. Anastasio had previously been manager of microcomputing at Warnaco and, in that capacity, had had extensive dealings with the plaintiff. Attorney Underhill had one three hour meeting with Anastasio. Attorney Colosi also had a two or three hour meeting with Anastasio in which he discussed the underlying facts. Attorney Colosi also spoke with Anastasio on a number of occasions over the telephone. Both attorneys informed Anastasio that their discussions with him were confidential and addressed the strengths and weaknesses of the claims of both parties to the litigation. Attorney Colosi also had similar discussions with Wallace Brooks, Irwin Zaetz, and Kay Bentson.
None of the conversations or relationships described by Attorney Underhill or Attorney Colosi with the five former employees transform any of them into anything resembling a trial consultant. A few meetings and telephone conversations with a former employee falls far short of the extensive contact with counsel, substantial disclosure of attorney work product and ongoing access to litigation materials and strategy that signify a trial consultant. See MMR/Wallace Power and Industrial. Inc. v.Thames Associates, supra, 764 F. Sup. 724-725.
Warnaco also claims that the mere fact that confidential attorney client communications were conveyed and trial strategy was discussed with the former employees is sufficient to bar all ex parte interviews of those individuals by an adverse party's lawyer.[5] Warnaco offers no authority for this far reaching view. Such a ban would impair the time honored right of counsel for all parties to interview willing non-party witnesses in private, without the presence or consent of opposing counsel and without a transcript being made. I.B.M. v. Edelstein, 526 F.2d 37
(2d Cir. 1975). It is also not necessary. The plaintiff does not dispute that privileged communications between Warnaco's attorneys and its former employees should remain confidential and should not be divulged to plaintiffs attorney. These confidences can be preserved by an order from the court that plaintiffs attorney not inquire into such communications during any ex parte interviews. See Dubois v. Gradco Systems, supra, 136 F.R.D. 347
(while the court did not issue an order concerning privileged CT Page 4230 communications, the court admonished plaintiffs counsel to take care not to induce or listen to such communications.)
Warnaco also argues that ex parte interviews should be prohibited because six of its former employees are now in an adversarial position vis a vis Warnaco having raised claims of age discrimination and, therefore, the risk of disclosure of privileged information is great. This court can not presume that these former employees will disclose confidential attorney client communications simply because they have raised claims of age discrimination against Warnaco. Moreover, the sanctity of any privileged communications can be adequately protected by an order directed to plaintiffs counsel that he is to not listen to or discuss confidential communications with any former employee.
Finally, Warnaco claims that ex parte contact should be precluded because five of the former employees possess other "unique and confidential information" regarding the internal operations of Warnaco "s computer purchasing department, including an internal audit conducted by Warnaco. Warnaco points to no source, legal or contractual, to support its bald assertion that the information is confidential. The fact that an internal audit was previously conducted by Warnaco which will assist it in its defense of this litigation does not render the information gathered in the audit privileged or confidential, where Warnaco has not claimed that the internal audit was conducted at the direction of its attorneys and is privileged attorney work product. See Stanley Works v. New Britain Redevelopment Agency,155 Conn. 86, 95 (1967) (in order to constitute attorney work product, the attorney's work must have formed an essential step in the procurement of the data which the opponent seeks).
The plaintiffs motion for permission to conduct ex parte interviews with the eleven former employees of the defendant Warnaco, Inc. identified in its motion is hereby granted. Plaintiffs counsel is ordered not to induce, listen to, or receive any privileged communications that occurred between any of the eleven former employees and attorneys for Warnaco. Plaintiffs counsel is also ordered to comply with Rule 4.3 of the Rules of Professional Conduct by disclosing to the former employees that counsel represents the plaintiff in litigation that is presently pending against Warnaco. The defendant Warnaco "s motion for a protective order is hereby denied.
Judge Jon M. Alander. CT Page 4231