ORDER AND MEMORANDUM ON DEFENDANT’S MOTION FOR PROTECTIVE ORDER
JANE W. FREEMAN, Associate Judge.
The Defendant has filed a Motion For Protective Order dated September 29, 2004 seeking a protective order to bar the Plaintiff from conducting ex parte interviews of the following employees of the Mohegan Tribe: Andy Bartha, Rick Watt, Debbie Maxeiner, Tom Acevedo, Bruce Bozsum, Steve Cholewa and Amy Clark. No protective order has been sought as to the following tribal employees on the “Amended List of Persons Plaintiff Seeks to Interview” dated September 15, 2004 (“Amended List”): Ray Green and Shane Long.
The Defendant’s Motion For Protective Order is filed in opposition to Plaintiffs Motion in Limine dated August 18, 2004. In that Motion, the Plaintiff sought permission from this Court to conduct ex parte interviews of “non-managerial employees of the defendant, and Tribal members who are employed in non-managerial positions, or who are not employed in any capacity by the defendant.” The Amended List, however, includes the names of several persons who are employed by the Tribe in a managerial capacity. Therefore, notwithstanding the Plaintiffs characterization of his request as one for permission to conduct ex parte interviews of non-managerial employees, the Court will treat the Motion in Limine as a request to conduct ex parte interviews of all the persons named in the Amended List. In determining whether to permit interviews of non-party employees and managers of the Defendant, without notice to and without the presence and consent of Defendant’s counsel, this Court has opted for a case-by-case balancing approach, in which the Plaintiffs need to gather information on an informal basis on the one hand and the Defendant’s *271 need for effective representation on the other, are balanced with reference to the facts and circumstances of the particular case.[1] Memorandum and Order on Motion In Limine dated September 7, 2004; Morrison v. Brandeis University, 125 F.R.D. 14 (D.Mass.1989). In addition, this Court has also noted that the purpose of rules adopted in other jurisdictions which prohibit communications between a lawyer for one party concerning the matter in representation, with a party he knows to be represented by a lawyer in the matter without that lawyer’s consent, is to “preserve the integrity of the lawyer-client relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer.” Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 236, 578 A.2d 1075 (1990).
The Motion for Protective Order as to Amy Clark is denied. The Defendant does not claim that she is a management employee of the Defendant; that She has been involved in developing or has been privy to information concerning trial strategy; or that she has information concerning the case which is subject to the attorney-client privilege.
The Motion For Protective Order as to Andy Bartha and Rick Watt is denied. The Defendant does not contend that these persons have been privy to trial strategy or have information about the case which is subject to the attorney-client privilege. Instead, the Defendant contends that these individuals are “managerial employees whose acts or omissions may be imputed to the Defendant.” In light of the allegations in paragraph 7 of the complaint, Bartha and Watt may well be fact witnesses for the Plaintiff at trial and in the circumstances of this case, the needs of the Plaintiff to effectively prepare for trial outweigh any need which the Defendant’s counsel has to be present at these interviews in order to afford the Defendant effective representation by counsel.
The Motion For Protective Order as to Steve Cholewa is granted. The Defendant has represented that its attorney in this case met and conferred with Steve Cholewa in connection with this litigation; the Defendant therefore contends that such communications come within the scope of the attorney-client privilege and that an ex parte interview by the Plaintiff should be barred. “The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him [or her] to give sound and informed advice.” Shew v. Freedom of Information Commission, 245 Conn. 149, 157, 714 A.2d 664 (1998), citing Upjohn Co. v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Employee communications to the attorney for a corporation or municipality have been held to be protected by the attorney-client privilege if four conditions are met:
(1) the attorney must be acting in a professional capacity for the agency, (2) the communications must be made to the attorney by current employees or officials of the agency, (3) the communications must relate to the legal advice sought by the agency from the attorney, and (4) the communications must be made in confidence.
*272 Shew v. Freedom of Information Commission, supra, 245 Conn. at 159, 714 A.2d 664.
When these four conditions are met, communications between employees of the Defendant-Tribe and the Tribe’s attorney should be protected under the attorney-client privilege, in the same manner as communications between employees of a corporation and the corporation’s attorney are protected. Under the facts of this case, it appears that the four conditions set forth above have been met so that Cholewa has information which is subject to the attorney-client privilege. Therefore, the Plaintiff may not conduct an ex parte interview of Cholewa.
The Motion For Protective Order as to Tom Acevedo and Debbie Maxeiner is also granted. The Court is satisfied with the representations of Defendant’s counsel that Tom Acevedo and Debbie Maxeiner have been privy to information concerning trial strategy and have information which is subject to the attorney-client privilege.
The Motion For Protective Order as to Bruce Bozsum is granted. Bozsum is a management employee of the Defendant. While the Plaintiffs complaint did contain allegations pertaining to Bartha and Watt from which this Court has concluded that Bartha and Watt may be fact witnesses for the Plaintiff, there are no allegations in the complaint concerning Bozsum; in addition, the Plaintiff has not provided any information to the Court indicating why an ex parte interview of this management employee is necessary in order for the Plaintiff to effectively prepare for trial. Because Bozsum is a management employee of the Defendant and because the Plaintiff has made no showing why his ex parte interview is necessary for the Plaintiffs trial preparation, the Motion For Protective Order as to Bozsum is granted.
Any interviews of Andy Bartha, Rick Watt, Ray Green, Amy Clark and Shane Long to be conducted by the Plaintiff, shall be conducted subject to the following guidelines:[2]
(a) When the Plaintiffs counsel contacts any of the persons he has been authorized to inteiview, counsel shall immediately disclose, if counsel has not already done so, his capacity as counsel for the Plaintiff in this matter and the purpose of the contact, i.e. to request an interview for the purpose of trial preparation;
(b) Whether or not to grant the request for an interview is completely up to person to be interviewed, and the decision of each person shall be respected;
(c) Any request made by person(s) whom the Plaintiff has been authorized to inteiview, that the inteiview take place only in the presence of his personal counsel and/or the presence of Defendant’s counsel shall be honored;
(d) Defendant and Defendant’s counsel shall advise each person whom the Plaintiff has been authorized to interview who is a current employee of the Defendant that he/she may, if he/she wishes, agree to be inteiviewed by the Plaintiff’s counsel to discuss matters which relate to this case and that no disciplinary or other adverse action will be taken by the Defendant against such person for consenting to an inteiview or for anything they say during the course of an inteiview. Defendant and Defendant’s counsel may inform such persons *273 that they are free to refuse to consent to an interview by the Plaintiffs counsel if they wish, and, if they wish, they may consent to be interviewed only in the presence of Defendant’s counsel. Defendant and Defendant’s counsel shall, however, make it clear that these decisions are for each person to be interviewed to make and that the Defendant takes no position one way or the other on the decisions they make on these issues;
(e) All persons whom Plaintiff has been authorized to interview shall be informed by Plaintiffs counsel of the existence of this Order and offered a copy of this Memorandum and the Court’s Order and Memorandum on Motion In Li-mine for their review.
IT IS SO ORDERED.

. Nothing herein is intended to set forth any standards or guidelines for an attorney who seeks to unilaterally interview managers or employees of the Tribe. Rather, this Memorandum is intended to address only those cases in which an attorney seeks authorization from the Court to conduct ex parte interviews of Tribal employees or managers. In such cases, this Court must analyze the interests and needs on both sides, on the basis of the facts and circumstances of the case.

. These guidelines are adopted from Morrison v. Brandeis University, 125 F.R.D. 14, 19 (D.Mass.1989).