[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiff, a member of the Connecticut Bar, appeals pursuant to Practice Book § 27N, from a decision of the Statewide Grievance Committee reprimanding him for a violation of Rule 1.3 of the Rules of Professional Conduct.
The Uniform Administrative Procedure Act (UAPA), § 4-166, et seq., does not apply to the Grievance Committee, but the same principles as to the scope of judicial review are applicable.Pinsky v. Statewide Grievance Committee, 216 Conn. 228, 234
(1990). The role of the court "is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct." (Internal quotation marks and citations omitted.) Weiss v. Statewide GrievanceCommittee, 227 Conn. 802, 812 (1993). "The burden is on the . . . committee to establish the occurrence of an ethics violation by clear and convincing proof." Id., 812. Allegations of attorney misconduct must be proven by clear and convincing evidence, regardless of the nature of the sanctions ultimately imposed.Statewide Grievance Committee v. Presnick, 215 Conn. 162, 171-72
(1990).
Rule 1.3 imposes a "Diligence" obligation on lawyers: "A CT Page 3814 lawyer shall act with reasonable diligence and promptness in representing a client."
On April 4, 1996, a former client of the plaintiff's, Elizabeth Wheeler, filed a complaint against the plaintiff alleging his failure to diligently represent her in a case involving the custody of one of her minor children.
The undisputed facts are that Wheeler retained the plaintiff on March 18, 1994, to represent her interests in a pending custody matter. Wheeler had prior to March 18 appeared in court on the case and had it continued to March 30, 1994 to obtain legal counsel. Plaintiff was leaving for a vacation on March 18, 1994. Plaintiff took no action to further postpone the case and did not appear in court on March 30, 1994. On that date, the court changed custody from Wheeler to the child's father.
The disputed facts relate to what was communicated between Wheeler and Feit at the March 18, 1994 meeting. Wheeler claims that she was aware of the March 30 court date and informed Feit. Wheeler further testified that Feit told her he would get the hearing continued from March 30, 1994 to a later date. Feit indicates, as do his intake notes, that the court date was never mentioned.
Plaintiff argues in his brief that the allegations were not proven by clear and convincing evidence and that the decision is arbitrary and capricious.
Plaintiff's evidentiary argument is governed by the substantial evidence rule.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is CT Page 3815 supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
The committee chose to credit the testimony of Wheeler over the plaintiff on the critical question of the communication during the March 18, 1994. It was not unreasonable to conclude that Wheeler, having recently been in court on the motion and aware of the continuance date, would have conveyed that information to her attorney. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken."Hospital St. Raphael v. Commission on Hospitals Health Care,182 Conn. 314, 318 (1980).
It was not unreasonable for the committee to conclude that the plaintiff's failure to appear at a hearing or alternatively to seek a continuance established a lack of diligence in contravention of Rule 1.3.
Plaintiff also objects to the requirement that he attend a course in law office management. However, the Committee is specifically authorized to impose as a sanction:
 a requirement that the respondent attend continuing legal education courses, at his own expense, regarding one or more areas of substantive law or law office management.
Practice Book § 27M.1(5).
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J. CT Page 3816